**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrance Antonio BALDWIN,**
**Defendant–Appellant.**

**No. 00–1630.**

United States Court of Appeals,
Sixth Circuit.

April 23, 2002.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

SILER, Circuit Judge.

Defendant Terrance Antonio Baldwin appeals his consecutive sentences for armed bank robbery and brandishing a firearm in violation of 18 U.S.C. §§ 2113 and 924(c). We affirm.

**Background**

Baldwin was indicted on four federal charges, including one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) (Count I), and one count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count IV). He moved for the dismissal of Count IV, contending that its inclusion violated principles of statutory construction and double jeopardy. The district court denied Baldwin's motion.

He subsequently pled guilty to Counts I and IV of the indictment. On May 25, 2000, he was sentenced to 188 months for the armed robbery and a consecutive 84 months for brandishing a firearm during the robbery.[1] He challenges these consecutive sentences on appeal.

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Baldwin's sentencing guideline range was 188 to 235 months on Count I and a mandatory minimum of 84 months on Count IV.

## Standard of Review

The interpretation of a statute by the district court is a legal question, which we review on appeal *de novo*. *See United States v. Thomas*, 211 F.3d 316, 319 (6th Cir.2000).

## Discussion

Baldwin asserts that the express language in 18 U.S.C. § 924(c)(1)(A) precludes the imposition of consecutive terms of imprisonment for armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and for brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides that "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who" brandishes a firearm during a crime of violence is to be sentenced to a term of imprisonment of not less than seven years. Baldwin submits that this provision creates an exception to the imposition of consecutive sentences mandated by 18 U.S.C. § 924(c)(1)(D)(ii),[2] by excluding consecutive sentences when a greater minimum sentence is provided by any other law. Thus, Baldwin argues that since his guideline sentence of 188 months for armed robbery exceeds the 84–month mandatory minimum sentence for brandishing a firearm and because the sentencing guidelines qualify as "any other provision of law," the imposition of the 84–month sentence violates the "[e]xcept to the extent" language used in 18 U.S.C. § 924(c)(1)(A).

We addressed the same general argument in *United States v. Jolivette*, 257 F.3d 581 (6th Cir.2001). Jolivette pled guilty to a three-count indictment charging

him with conspiracy to commit armed bank robbery, armed bank robbery and using and carrying a firearm during a crime of violence. *See id.* at 582. He was sentenced to two concurrent terms for the bank robbery and conspiracy charges, and a consecutive 60–month term for the 18 U.S.C. § 924(c) firearm violation. *See id.* Jolivette claimed that the language in § 924(c)(1)(A) prohibited the enhancement of his sentence for a firearm violation pursuant to § 924(c). He argued that because the sentencing guidelines provided greater penalties for robbery committed with a firearm than for robbery committed without a firearm, and because the guidelines included use of a firearm among the specific offense characteristics for the offense of robbery, it was clear that Congress did not intend that § 924(c) should be available to enhance the penalty for robbery where a firearm was used. *See id.* at 586.

The panel rejected Jolivette's interpretation of § 924(c) and followed similar decisions in *United States v. Alaniz*, 235 F.3d 386 (8th Cir.2000), and *United States v. Studifin*, 240 F.3d 415 (4th Cir.2001), which held that § 924(c)(1)(A) does not nullify a consecutive term of imprisonment for a firearm charge when another provision imposes a higher mandatory minimum sentence for conduct other than firearm-related conduct proscribed by § 924(c)(1) or "by any other provision of law."

In *Studifin*, the defendant claimed that his sentence violated the Double Jeopardy Clause because the imposition of § 924(c)(1)(A)'s mandatory minimum consecutive sentence in addition to the mandatory minimum sentence required by 18 U.S.C. § 924(e) punished the same conduct

---

2. Section 924(c)(1)(D)(ii) provides: "Notwithstanding any other provision of law ... no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed

on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."

and constituted improper double counting under the sentencing guidelines. *See Studifin*, 240 F.3d at 419. Relying exclusively on an earlier opinion from the Eighth Circuit in *Alaniz*, the court rejected Studifin's arguments and summed up by saying:

> We agree with the *Alaniz* court that in light of the structure and language of § 924(c)(1), it is clear that the "except to the extent" language is designed to "link the remaining prefatory language in (c)(1)(A) to" the other subdivisions. *Alaniz*, 235 F.3d at 389. We also believe that the "any other provision of law" language provides a safety valve that would preserve the applicability of any other provisions that could impose an even greater mandatory minimum consecutive sentence for a violation of § 924(c).
>
> . . .
>
> Examining the statute as a whole, particularly in light of the language of § 924(c) and the purpose behind the 1998 amendments, we do not believe that Congress intended to narrow § 924(c) by eliminating mandatory consecutive sentences where another provision imposes a higher mandatory minimum sentence for conduct other than that described in § 924(c). For these reasons, we reject Studifin's interpretation of § 924(c) and conclude that Studifin's sentence does not constitute double jeopardy.

*Id.* at 423–24.

In *Alaniz*, the Eighth Circuit rejected the argument that the "greater minimum sentence" language in § 924(c)(1)(A) applies to the predicate offense, and said:

> We have scoured the statutory language, yet we find no support for the proposition . . . that subdivision (c)(1)(A)'s "greater minimum sentence" clause applies to the predicate drug trafficking crime or crime of violence of which a particular defendant has been convicted.

Subdivision (c)(1)(A)'s "greater minimum sentence" clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or "by any other provision of law." The ten-year mandatory minimum drug sentence at 21 U.S.C. §§ 841(b)(1)(A) does not govern firearm-related conduct, and therefore does not fall within subdivision (c)(1)(A)'s reference to "any other provision of law."

*Alaniz*, 235 F.3d at 389.

The panel in *Jolivette* adopted the Eight Circuit's reasoning in *Alaniz* and concluded:

> Neither subsection (a) nor subsection (d) of § 2113 contains a minimum sentence; the sentence prescribed by subsection (a) does not govern firearm-related conduct; and although the sentence prescribed by subsection (d) governs the use of "a dangerous weapon or device," it is not specific to firearms. We hold that the sentences in those subsections do not fall within § 924(c)(1)(A)'s reference to "any other provision of law."

*Jolivette*, 257 F.3d at 587.

Following the decisions in *Jolivette*, *Alaniz* and *Studifin*, we conclude that Baldwin's consecutive sentences under §§ 2113(a) and (d), and § 924(c) must stand. We reject Baldwin's argument that the sentencing provisions in §§ 2113(a) and (d) fall under § 924(c)(1)(A)'s reference to "any other provision of law." Therefore, we find that his consecutive 84–month sentence is not in violation of the "greater minimum sentence" language used in 18 U.S.C. § 924(c)(1)(A).

**AFFIRMED.**