RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0066p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

    *v.*

LEE ALMANY,

       *Defendant-Appellant.*

No. 08-6027

———————————

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 08-00001-001—Curtis L. Collier, Chief District Judge.

Submitted: December 18, 2009

Decided and Filed: March 10, 2010

Before: MERRITT, MARTIN, and COLE, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Gary W. Lanker, LAW OFFICE OF GARY W. LANKER, Memphis, Tennessee, for Appellant. M. Neil Smith, ASSISTANT UNITED STATES ATTORNEY, Greeneville, Tennessee, for Appellee.

———————————

**OPINION**

———————————

MERRITT, Circuit Judge. On March 13, 2008, pursuant to a plea agreement, Lee Almany entered guilty pleas to the following charges: conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) ("drug statute"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("firearm statute"); and having assets that were subject to forfeiture. The District Court accepted his plea and sentenced Almany to mandatory minimums of ten years under the drug statute and five years under the firearm

1

statute, with the terms of imprisonment to run consecutively.[1]  The question before this panel is whether the plain language of the firearm statute forbids the imposition of its mandatory minimum sentence when a defendant is already subject to another, greater mandatory minimum sentence under any other provision of law.

## I.  PROCEDURAL HISTORY

Following his plea and sentencing, Almany timely filed a pro se notice of appeal. On appeal, Almany's counsel filed a motion to withdraw as appellate counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967).  In his motion and accompanying *Anders* brief, Almany's counsel claimed there are no apparent grounds for challenging Almany's conviction and sentence.  The government agreed with counsel's finding by letter, but asked if this Court found a non-frivolous issue in its independent review to have the opportunity to brief the issue.  On June 3, 2009, Almany himself submitted a pro se brief citing one issue for appeal.  Almany raises the Second Circuit case, *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and claims that his sentence violates the plain language of the firearm statute as explained in the *Whitley* case.  Both the government and Almany's counsel have now filed further letter briefs. Both disagree with Almany's position and the *Whitley* case that the consecutive mandatory minimum sentences violate the clear language of § 924(c)(1)(A).

## II.  ANALYSIS

### A.  *Waiver of Right to Appeal*

Almany's plea agreement provided that he waive his right to a direct appeal, but the waiver was not discussed in open court when the District Court accepted Almany's guilty plea.  Although a defendant in a criminal case may waive the right to appeal, the waiver must be knowing and voluntary.  *United States v. Fleming*, 239 F.3d 491, 496 (6th Cir. 2005).  We review de novo the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement.  *United States v. Murdock*, 398

---

[1] In addition to his term of imprisonment, Almany was sentenced to five years' supervised release.

F.3d 491, 496 (6th Cir. 2005). Rule 11 of the Federal Rules of Criminal Procedure requires that the district court determine that the defendant understands the terms of the plea agreement when waiving the right to appeal. Violations of Rule 11 are reviewed for plain error if the defendant did not object before the District Court. *Id.* This Court has held that it is plain error for the District Court to fail to inquire into a defendant's understanding of the appellate waiver provision of his plea agreement, as required by Rule 11(b)(1)(N). *Id.* at 499.

Here, the District Court asked Almany at his rearraignment hearing, "[d]o you also understand that under some circumstances you or the government may have the right to appeal any sentence that I impose?" Almany indicated that he understood. This question does not alert Almany that the plea agreement requires him to waive his right to appeal, nor does it ascertain that Almany understood the appellate waiver provision of the plea agreement. In fact, the Court's comments inform Almany that he *has* the right to appeal. Further, at the sentencing hearing, the Court explicitly informed Almany that he had a right to appeal his sentence. Therefore, the District Court committed plain error by failing to probe Almany's understanding of the appellate waiver provision of his plea agreement, and therefore, the waiver provision is unenforceable against Almany.

### B. Proper Interpretation of 18 U.S.C. § 924(c)(1)(A)

This Court, in its independent review of this case pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), must determine whether Almany's counsel is incorrect when asserting that there are no legitimate issues for appeal. In his pro se filing, Almany claims that his sentence violates the language of the firearm statute and points to a recent Second Circuit opinion for support. *See Whitley*, 529 F.3d 150. The plain language of the firearm statute forbids a court from sentencing a criminal defendant under both the mandatory minimum sentence found in the firearm statute and another, greater mandatory minimum sentence in any other provision of law. The statute in question reads:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person

who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Two Sixth Circuit cases have previously mentioned the impact of this statutory language. *See United States v. Baldwin*, 41 F. App'x 713 (6th Cir. 2002); *United States v. Jolivette*, 257 F.3d 581 (6th Cir. 2001). But *Jolivette* and *Baldwin* are not in point or instructive. Both of those cases involved the imposition of a five-year mandatory minimum sentence under the firearm statute in conjunction with another sentence imposed under the Sentencing Guidelines. Hence, neither of the defendants were subject to two mandatory minimum sentences. *See Whitley*, 529 F.3d at 157. ("The defendants in *Jolivette* and *Baldwin* were convicted of violating bank robbery statutes that did not provide any minimum sentences."); *see also* 18 U.S.C. § 2113(a) (providing no mandatory minimum sentence for the crime of armed bank robbery) *and* 18 U.S.C. § 2113(d) (same). Here, Almany was sentenced to both a mandatory minimum of five years for possession of a firearm in furtherance of a drug trafficking crime and a mandatory minimum of ten years for conspiracy to distribute and possession with intent to distribute. Because a guidelines sentence is obviously not the same as a mandatory minimum sentence, any discussion in *Jolivette* and *Baldwin* about the use of a greater mandatory minimum did not apply to those cases and was *obiter dicta*.

As mentioned above, Almany argues that this Court should evaluate his sentencing in light of the Second Circuit's holding that the "except" clause of the firearm statute exempts a criminal defendant from the mandatory minimum if the defendant is subject to another, greater mandatory minimum sentence. *See Whitley*, 529 F.3d 150.

The decision and reasoning of the Second Circuit are persuasive. That Court addressed the text, design and purpose of the statute in reaching its decision. *Id*. at 153. The most compelling argument made by the Second Circuit is the literal interpretation of the language of the statute. As that Court noted, "we have repeatedly been instructed to give statutes a literal reading and apply the plain meaning of the words that Congress used." *Whitley*, 529 F.3d at 156 (collecting cases). Reading the firearm statute literally, the Second Circuit held that the statutory language plainly forbade the imposition of the mandatory minimum contained in the firearm statute in conjunction with another, greater mandatory minimum sentence. The Second Circuit's opinion in *Whitley* is the correct interpretation of the firearm statute.

Other Circuits have narrowed the "except" clause to apply only to other firearms statutes. *See United States v. Collins*, 205 F. App'x 196, 198 (5th Cir. 2006); *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000). But this interpretation disregards the "by any other provision of law" language in the statute. The language of the firearm statute does not qualify its prohibition against greater mandatory minimums. Instead, the "except" clause encompasses greater mandatory minimum sentences from both the firearm statute and "any other provision of law."

In sum, the District Court erred by sentencing Almany to both a five-year mandatory minimum sentence under the firearm statute and a ten-year mandatory minimum sentence under the drug statute. This case must be remanded for resentencing, and Almany remains subject to the mandatory minimum under the drug statute.

Accordingly, it is so ordered.