NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0378n.06

No. 08-2464

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHAEL ELDREN BRACEY, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, RYAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Following a jury trial, Michael Bracey was convicted of various federal narcotics and firearms offenses. On appeal, he challenges the district court's denial of his motion to suppress the drugs and firearms that formed the basis of the charges. We reject that argument, and affirm Bracey's conviction. We vacate his sentence, however, and remand for resentencing in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010).

I.

In April 2006, Detroit police received reports from a confidential informant that Bracey was dealing crack cocaine. On April 8, Officer Carmen Diaz obtained and executed a search warrant for a residence on Bradford Avenue in Detroit, which the police suspected Bracey was using as a base for his drug-trafficking operations. During the search of the property, police found 71 grams of crack

cocaine, two loaded handguns, and various items of dealer paraphernalia. Officers also found ten documents bearing Bracey's name, as well as medication that was prescribed to him.

Federal prosecutors charged Bracey with possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a), possession of firearms in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c), and being a felon in possession of a firearm, *see id.* § 922(g). Before trial, Bracey filed a motion to suppress the evidence found at the Bradford Avenue residence, contending that the warrant was not supported by probable cause. Following a hearing, the district court denied the motion, concluding that Officer Diaz's affidavit established probable cause, and that, even if not, Officer Diaz had relied on the warrant in objectively reasonable good faith.

The case proceeded to trial. Bracey was found guilty on all charges. At sentencing, the district court calculated an advisory Sentencing Guidelines range of 360 months to life imprisonment. The court rejected Bracey's request for a below-Guidelines sentence and imposed a sentence of 360 months' imprisonment.

This appeal followed.

## II.

Bracey first challenges the district court's denial of his motion to suppress the evidence seized from the Bradford Avenue residence. In this context, "we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Oliver*, 397 F.3d 369, 374 (6th Cir. 2005) (quotation marks omitted).

Bracey argues that Officer Diaz's affidavit was insufficient to establish probable cause that evidence would be found at the Bradford Avenue residence. He does not seriously contest that the

affidavit established probable cause to believe that he was engaged in an ongoing drug-trafficking operation. He contends, rather, that the affidavit did not establish any connection between that operation and the residence that was searched. It did not, for example, state that Bracey resided or that narcotics had been observed there. Instead, in her affidavit, Officer Diaz stated that, less than two days before seeking the warrant, she had followed Bracey from the Bradford Avenue residence to a gas station, where he met with two persons. None of them purchased gas or went into the station. According to Officer Diaz, the meeting was consistent with Bracey's usual method of dealing drugs. Officer Diaz also related that a confidential informant, who had proved reliable on previous occasions, reported that Bracey's practice was to store cocaine at his residence and then bring it to clients after arranging for delivery during a cell phone conversation. Finally, the affidavit also stated that, less than a day before the warrant was issued, Officer Diaz had observed two incidents in which individuals arrived at the Bradford Avenue residence late at night and left after staying fewer than seven minutes.

According to Bracey, these pieces of evidence—even taken together—establish only that a known drug dealer was seen leaving the Bradford Avenue residence on a single occasion. And that, he says, renders the warrant defective in light of the rule that "a suspect's mere presence . . . at a residence is too insignificant a connection with that residence to establish that relationship necessary to a finding of probable cause." *United States v. Savoca*, 761 F.2d 292, 297 (6th Cir. 1985) (quotation marks omitted).

But whether or not Bracey is correct that the warrant was not supported by probable cause, suppression would be unwarranted because of the good-faith exception to the exclusionary rule. *See*

-3-

*United States v. Leon*, 468 U.S. 897 (1984). Under that exception, evidence seized pursuant to an invalid search warrant will be admitted so long as the executing officers relied on the warrant in objectively reasonable good faith. *See Leon*, 468 U.S. at 922; *Massachusetts v. Sheppard*, 468 U.S. 981, 987-88 (1984). We choose to address Bracey's argument on that ground here. *See generally United States v. Watson*, 498 F.3d 429, 431 (6th Cir. 2007) (noting that a court may rely on the good-faith exception without resolving the validity of the warrant).

In *Leon*, the Court observed that police officers executing a search warrant ordinarily "cannot be expected to question the magistrate's probable-cause determination." 468 U.S. at 921. When officers have obtained a warrant, therefore, suppression is warranted only in extraordinary circumstances, such as when "the "warrant [is] based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 (quotation marks and citations omitted). These so-called "bare bones" affidavits "contain[] only suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge," or otherwise fail to disclose "some modicum of evidence, however slight," connecting the crime under investigation to the place to be searched. *United States v. Laughton*, 409 F.3d 744, 748-49 (6th Cir. 2005) (quotation marks omitted).

Here, several pieces of evidence connected Bracey's drug-trafficking operation to the Bradford Avenue residence. First, the affidavit stated that Officer Diaz had observed Bracey traveling directly from the Bradford Avenue residence to what appeared to be drug transactions. Second, a reliable confidential informant had indicated that Bracey's general practice was to store narcotics at his residence until he received a request for delivery from a client. In combination with

Officer Diaz's observation of Bracey traveling from the property to a suspected drug transaction, this suggested that Bracey was storing narcotics at the property. Third, during surveillance shortly before the warrant was issued, Officer Diaz observed two suspicious incidents in which individuals arrived at the Bradford Avenue residence late at night and then departed after staying only a few minutes.

The affidavit therefore provided more than "a modicum of evidence" connecting the Bradford Avenue residence to Bracey's ongoing drug-trafficking activity. *Laughton*, 409 F.3d at 749. Consequently, the affidavit was not so deficient that Officer Diaz "could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 468 U.S. at 926. The district court properly denied Bracey's motion to suppress.

## III.

Bracey also urges us to remand for resentencing in light of our recent decision in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). There, we held that the five-year mandatory consecutive prison term imposed by 18 U.S.C. § 924(c)(1)(A) does not apply when the defendant is also subject to a higher mandatory sentence for another offense. *See* 598 F.3d at 241-42. Because Bracey's sentencing occurred before *Almany* was decided, the district court understandably concluded that Bracey was subject to a mandatory five-year sentence under § 924(c)(1)(A) even though he was also subject to a mandatory 20-year sentence under 21 U.S.C. § 841(b)(1)(A). In light of *Almany*, however, the resulting total minimum sentence of 25 years' imprisonment was erroneous. Bracey was in fact subject to a mandatory minimum of 20 years' imprisonment.

The district court's incorrect calculation of the mandatory minimum may have affected the sentence the court ultimately selected. In explaining its decision to impose a 30-year sentence, the

district court noted its understanding that Bracey was subject to a mandatory minimum of 25 years' imprisonment. Other aspects of the sentencing transcript suggest that the mistaken calculation might not have made a difference in the end. We think it best, however, to remand for resentencing in light of *Almany*. In doing so, we intimate no views on the merits of the 30-year sentence the district court originally imposed. (Although *Almany*'s continuing validity is at issue in two cases pending before the Supreme Court, *Gould v. United States*, 130 S. Ct. 1283 (2010), and *Abbott v. United States*, 130 S. Ct. 1284 (2010), we decline the government's invitation to delay the resolution of this appeal until those cases are decided.)

We affirm Bracey's conviction, vacate his sentence, and remand for resentencing consistent with this opinion.