# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-40039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

versus

GABRIEL MARTINEZ,

> Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:02-CR-804-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Gabriel Martinez appeals his conviction and sentence. Because we find no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40039

I.

In 2003, Martinez pleaded guilty to one count of conspiracy to engage in unlawful conduct in relation to a racketeer influenced and corrupt organization ("RICO"), 18 U.S.C. § 1962(d), and one count of conspiracy to receive firearms by a convicted felon, 18 U.S.C. §§ 371, 922(g). As part of his plea agreement, he "waive[d] the right to appeal the sentence imposed or the manner in which it was determined." R. 394. During the plea colloquy, however, the district court mistakenly informed Martinez that he could appeal any illegal sentence.

In return for the guilty plea, the government agreed to move for a downward departure from the sentencing guideline range and to recommend a 140-month sentence. The government failed to make that recommendation, however, and the court sentenced Martinez to 216 months on the RICO count and 60 months on the firearms count, to run concurrently. Martinez appealed, and we vacated the sentence and remanded for resentencing. *United States v. Martinez*, 255 F. App'x 884 (5th Cir. 2007) (per curiam).

On remand, the district court held a sentencing hearing in June 2008 at which the government made the agreed-upon recommendation. The court determined that under the guidelines, Martinez had an offense level of 39 and a criminal history of II, resulting in a guideline range of 292-365 months. After considering the government's recommendation, Martinez's conduct, the guideline range, and the other factors required by 18 U.S.C. § 3553(a), the court departed downward from that range and orally sentenced Martinez to 168 months on the RICO count and 60 months on the firearms count, to run concurrently.

The court did not enter judgment at that time but instead held a hearing in January 2009 at which the court explained that it had erred in calculating the offense level, which should have been 40.[1] At the same time, however, the court

---

[1] The cause of the error was that the court had failed to group the two counts together
(continued...)

2

No. 09-40039

mistakenly deleted a two-level enhancement for obstruction of justice, forgetting that it had overruled an objection to that enhancement at the June hearing. *Compare* R. 1183-84 (overruling the objection)*, with* R. 1209 (deleting the enhancement). Consequently, the court calculated the new offense level to be 38, one level lower than the level 39 it had found at the June hearing.

The new offense level yielded a guidelines range of 262-327 months, slightly lower than the range calculated at the June hearing. The court did not impose a different sentence, however, stating that it merely wanted to ensure that its guideline calculation was correct on the record. Thus, the court imposed the same sentence as it had at the June hearing.

## II.

Martinez argues that his guilty plea was not voluntary, that the court erred in conducting a second sentencing hearing to impose a different sentence, and that the record is incomplete. Each of those arguments is without merit.

## A.

Martinez contends that his guilty plea was not voluntary and intelligent under *Matthew v. Johnson*, 201 F.3d 353, 367 n.22 (5th Cir. 2000), because he did not understand the plea agreement.[2] Martinez's argument rests on the

---

[1] (...continued)
under U.S.S.G. § 3D1.2(c) (Nov. 2007). Thus, it neglected to impose a two-level enhancement for possession of a firearm in connection with the drug activity underlying the RICO charge. *See id.* § 2D1.1(b)(1) (imposing the two-level enhancement to all drug charges); *see also id.* § 2E1.1(a)(2) (applying the offense level applicable to the underlying racketeering activity to RICO charges). Instead, the court had left the two offenses ungrouped and imposed only a one-level enhancement under the guidelines for determining a combined offense level in § 3D1.4. Consequently, the total offense level should have been one level higher than what was announced at the June 2008 hearing.

[2] *See also* FED. R. CRIM. P. 11(b) (describing the procedure courts must use to ensure
(continued...)

3

court's erroneous statement at the rule 11 hearing––that Martinez could appeal any illegal sentence––a statement that contradicts the plea agreement's explicit waiver of that right. We need not consider whether that misstatement rendered the plea involuntary or unintelligent, however, because Martinez waived that argument when he sought specific performance of the plea agreement in his first appeal.[3] He cannot now challenge the plea agreement after previously relying on its validity.[4]

B.

Martinez asserts that the court erred by conducting the second sentencing hearing in 2009, months after orally announcing the sentence at the initial hearing. He argues that the second hearing violates Federal Rule of Criminal Procedure 35(a), which allows the court to correct "arithmetical, technical, or other clear error" in a sentence only within seven days after sentencing. FED. R. CRIM. P. 35(a) (2008);[5] *see also* FED. R. CRIM. P. 35(c) (defining "sentencing" as "the oral announcement of the sentence"). Thus, Martinez urges that we remand to the district court to reinstate the original sentence from the June hearing.

Granting Martinez's request would serve no purpose, because the sentence

---

[2] (...continued)
that a plea is voluntary and intelligent).

[3] *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (explaining that the mandate rule "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived"); *see also United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995) ("Waived errors are entirely unreviewable . . . .").

[4] Even if Martinez had not waived the argument, the remedy for a defendant's failure to understand the scope of an appellate waiver is to render it unenforceable. *See United States v. Almany*, 598 F.3d 238, 241 (6th Cir. 2010), *petition for cert. filed*, 78 U.S.L.W. 3745 (June 8, 2010) (No. 09-1497). Because the government does not seek to enforce Martinez's waiver of the right to appeal his sentence, the argument is in any event moot.

[5] The rule was amended in 2009 to increase that window to fourteen days. *See* FED. R. CRIM. P. 35(a).

No. 09-40039

at the first hearing was identical to the one imposed at the second. Moreover, rule 35(a) does not apply where the sentence has not been altered.[6] Because the sentence was not altered at the second hearing, it was merely an opportunity for the court to expand and clarify its reasons for imposing the sentence, much like a written elaboration of an oral sentence.[7] The court did not err by holding the second hearing or by anything it did at that hearing.

C.

Martinez maintains that the record on appeal is incomplete because the transcript of his rearraignment hearing in 2003 omits portions of the proceeding in violation of 28 U.S.C. § 753(b). The omitted portions are marked with the comment that the "the Court heard other matters," presumably related to the other three codefendants. That argument fails, however, because Martinez waived it when he failed to raise it in his first appeal. "[I]ssues not arising out of this court's ruling [on appeal] and not raised in the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (emphasis deleted) (quoting *Lee*, 358 F.3d at 323).

There is no reason why Martinez could not have raised the issue of the completeness of the record in his first appeal. By his failure to do so, the district court could not have considered it, so it is not properly before us on appeal. Thus, we decline to consider Martinez's argument that the record is incomplete.

The judgment of conviction and sentence is AFFIRMED.

---

[6] *See United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008) (stating that "Rule 35(a) is implicated when a district court seeks *to alter the actual sentence* imposed on a criminal defendant as announced at the sentencing hearing" (emphasis added)).

[7] That interpretation is bolstered by the court's comments about the purpose of the second hearing, which it stated was not to consider changing the sentence but merely to "get the guideline calculation right." R. 1211.