# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2011

Lyle W. Cayce
Clerk

No. 10-11200
Summary Calendar

AMY NEWMAN,

Petitioner-Appellant

v.

JOE KEFFER, Warden, FMC-Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-797

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Amy Newman, federal prisoner # 41712-074, appeals the district court's dismissal of her 28 U.S.C. § 2241 petition for lack of jurisdiction. She argues that the district court erred in denying her claim for lack of jurisdiction. She asserts that, in view of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), she should not have received two mandatory minimum sentences for her convictions under 28 U.S.C. § 841 and 18 U.S.C. § 924(c). If her brief is liberally construed, Newman contends that her claim may be raised under the savings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clause contained in 28 U.S.C. § 2255; she asserts that her claim cannot be raised in a successive § 2255 motion because it is not based on newly discovered evidence or a new rule of constitutional law and, therefore, a § 2255 motion would be inadequate.

Because Newman is challenging the legality of her sentence, and not the manner in which her sentence is being executed, the district court did not err in concluding that her claim arises under § 2255. *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005). She has not shown that her claim falls within § 2255's savings clause as she has not demonstrated that (1) her claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) her claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Further, Newman's inability to meet the requirements for filing a successive § 2255 motion does not make the § 2255 remedy inadequate. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Finally, Newman has not shown that the district court erred in determining that it lacked jurisdiction over a § 2255 motion. Newman was convicted and sentenced in the Eastern District of Tennessee, but she filed the instant petition in the Northern District of Texas. Therefore, the district court did not err in dismissing it for lack of jurisdiction. *See* § 2255(e); *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

AFFIRMED.