## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2011

Lyle W. Cayce
Clerk

No. 11-10386
Summary Calendar

GLORIA MORRIS,

Petitioner-Appellant

v.

JOE KEFFER, Warden, Federal Medical Center - Carswell,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-798

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Gloria Morris, federal prisoner # 32185-177, appeals the dismissal of her 28 U.S.C. § 2241 petition challenging the consecutive sentences she received following her convictions for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking offense. Morris asserts that, pursuant to *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), the district court erred in imposing a consecutive sentence under 18 U.S.C. § 924(c) for the firearm offense because her underlying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10386

drug conviction carried a longer mandatory minimum sentence. The district court concluded that Morris's claims were more properly raised under 28 U.S.C. § 2255 and dismissed the petition for lack of jurisdiction. Morris contends that the district court erred in dismissing her petition on jurisdictional grounds and asserts that she is entitled to relief on the merits of her claim.

As a general rule, a federal prisoner who seeks to collaterally challenge the legality of her conviction or sentence must file a § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005). Such claims may be raised in a § 2241 petition under the savings clause of § 2255(e) only if the prisoner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of [her] detention." § 2255(e). Morris has not made such a showing, as she has not established that her claim is based on a retroactively applicable Supreme Court decision establishing that she was convicted of a nonexistent offense. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, as the district court found, the Supreme Court has rejected the merits of Morris's claim that the minimum statutory sentence for her drug offense bars the sentencing court from imposing consecutive sentences for the drug and firearm convictions. *See Abbott v. United States*, 131 S. Ct. 18, 23 (2010). Because Morris is not entitled to relief, the judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED. The Government's motion for an extension of time to file an appellate brief is DENIED as unnecessary.