NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 11a0833n.06

**No. 10-4569 & 10-4574**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Dec 12, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| GEVOY JONES | ) | OHIO |
| | ) | |
| Defendant-Appellee/Cross-Appellant. | ) | |

BEFORE: KENNEDY, MARTIN, and STRANCH, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.** In May 2009, Defendant-Appellee/Cross-Appellant, Gevoy Jones ("Jones" or "Defendant"), was indicted on seven counts including two for drug trafficking more than fifty grams of crack cocaine and possession of firearms in furtherance of a drug-trafficking crime. Pursuant to a plea agreement, Defendant pled guilty to those two charges in November 2009. As part of the plea agreement, the remaining five counts against Defendant were dismissed. Based on this Court's interpretation of 18 U.S.C. § 924(c)(1) in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), the district court sentenced Defendant to concurrent prison terms of 124 months for the drug-trafficking charge and 1 day for the firearm offense.

The United States government appeals, alleging that the district court erred in its application of 18 U.S.C. § 924(c)(1) at sentencing. The government argues that the United States Supreme Court's ruling in *Abbott v. United States*, 131 S. Ct. 18 (2010) explicitly rejected the district court's interpretation that the statute did not require imposing an additional five-year sentence for carrying

or possessing a firearm in connection with any crime of violence or drug-trafficking crime when the predicate offense carries a mandatory minimum sentence that is greater than five years.

Defendant concedes that *Abbott* requires us to remand for re-sentencing to impose a mandatory minimum five-year consecutive term under § 924(c)(1). Defendant, however, also cross-appeals, claiming that under the Fair Sentencing Act of 2010, he is subject to a five-year minimum penalty for his crack-cocaine offense instead of a ten-year minimum sentence that was presumed at his original sentencing hearing. Although the government originally contested Defendant's cross-appeal, in a letter to this Court dated July 20, 2011, the United States changed its position and advised the Court that the government now agrees with Defendant that he should be subject to a five-year mandatory minimum penalty at re-sentencing.

Since each party has conceded its opponent's position, there is no issue for us to decide and we REMAND this case for re-sentencing.