NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0597n.06

Nos. 10-6239, 10-6304

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 24, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee Cross-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| CARLOS LEON LOGAN, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant Cross-Appellee. | ) | |
| | ) | |

BEFORE:  COLE and McKEAGUE, Circuit Judges, and ZOUHARY, District Judge.[*]

**McKEAGUE, Circuit Judge.**  Carlos Leon Logan appeals his resentence of 120 months'

imprisonment and five years' supervised release. The Government cross-appeals. For the following

reasons we vacate Logan's sentence and remand for resentencing.

**I.**

A jury convicted Carlos Leon Logan of several drug offenses, including conspiracy to possess

with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii);

aiding and abetting possession with intent to distribute cocaine, cocaine base, and marijuana, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and 18 U.S.C. § 2; distribution of

a mixture containing cocaine base, in violation of 21 U.S.C. § 841(a)(1); and aiding and abetting

_____

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio,
sitting by designation.

maintaining a residence for the purpose of distributing illegal drugs, in violation of 21 U.S.C. § 856(a)(1). The jury also convicted Logan of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[1]

Logan's Presentence Report recommended a guidelines range for the drug crimes of 151 to 188 months. At the time he was sentenced, Logan was subject to mandatory minimum sentences of ten years for the conspiracy and the possession with intent to distribute 50 grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (2008). He was also subject to a mandatory minimum sentence of five years for the distribution of 5 or more grams of crack cocaine charge. 21 U.S.C. § 841(b)(1)(B)(iii) (2008).[2] His conviction for the firearm violation under 18 U.S.C. § 924(c)(1)(A) required a minimum *consecutive* term of five years. *See* 18 U.S.C. §§ 924(c)(1)(A) and (D).

The district court varied downward from the advisory guidelines range of 151 to 188 months and sentenced Logan to 120 months for each of the drug counts (except the marijuana charge that had a five year maximum) to run concurrently. The court also sentenced Logan to the five year mandatory minimum for the firearm violation to run consecutive to the drug offenses, resulting in a total sentence of 180 months.

---

[1]For a more detailed description of the underlying facts leading to Logan's conviction, none of which are at issue here, see *United States v. Logan*, 372 F. App'x 601, 604-05 (6th Cir. 2010).

[2]The charges for possession with intent to distribute cocaine and maintaining a residence for the purpose of distributing illegal drugs both had statutory maximum terms (no mandatory minimum) of 20 years. The charge for possession with intent to distribute marijuana charge had a statutory maximum of five years.

Logan appealed his convictions and in April 2010, after concluding the evidence was insufficient to sustain his conviction for conspiracy, we reversed as to that charge, vacated Logan's sentence and remanded the case for resentencing. *United States v. Logan*, 372 F. App'x 601, 606, 609 (6th Cir. 2010).[3]

On remand from our April 2010 decision, the district court requested additional briefing from the parties, and in September 2010, again sentenced Logan to the mandatory minimum 120 months for each of his drug convictions.[4] However, rather than imposing the 60-month sentence on the gun conviction to run consecutively, the court imposed the 60-month sentence to run concurrently. Thus, Logan's total sentence was reduced from 180 months to 120 months.

According to the court, "two significant changes" occurred since Logan's prior sentence that dictated this result. First, in March 2010, this Court decided *United States v. Almany*, 598 F.3d 238, 242 (6th Cir. 2010), *judgment vacated*, 131 S. Ct. 637 (2010) (mem.), which held that the five year mandatory minimum was not a mandatory consecutive sentence if the underlying crime required a higher statutory mandatory minimum. Second, the district court stated it had "been sentencing defendants utilizing a 1:1 ratio of crack cocaine to powder cocaine" and that under this ratio, Logan's

---

[3]While Logan's first appeal was pending, the district court, pursuant to 18 U.S.C. § 3582(c)(2), *sua sponte* ordered a recalculation of Logan's sentence in light of a 2008 amendment to the Sentencing Guidelines that reduced base-offense levels for crack cocaine offenses. The recalculation reduced Logan's applicable guideline range from 151-188 months to 121-151 months. But the district court continued to assert that the 120 month sentence was sufficient and refused to lower Logan's sentence. Logan separately appealed that determination and on December 23, 2009, we affirmed in a brief order. *United States v. Logan*, No. 09-5324 (6th Cir. 2009) (Order).

[4]The Judgment of Sentence on resentencing was issued September 23, 2010.

guideline range would have been 41 to 51 months.  But because the statutory mandatory minimums still applied, the court found the mandatory minimum sentence of 120 months was "sufficient but not more than necessary to meet the sentencing objectives."  *United States v. Logan*, No. 4:06-cr-00013, at 2  (W.D. Ky. Sept. 17, 2010) (Order), R. 153, Page ID # 1113.

Logan appeals this new sentence, and the Government cross-appeals.

## II.

Logan argues that the penalty provisions of the Fair Sentencing Act ("FSA"), which became effective August 3, 2010, should have applied when he was resentenced in September 2010.  He argues that under the FSA's new mandatory minimums for crack cocaine, he should be subject to a five year mandatory minimum rather than a ten year mandatory minimum.[5]  The Government concedes that under the Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012) (holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."), Logan's sentence should be vacated and this case remanded for resentencing under the FSA.  Appellee Cross-Appellant Opening Br. at 16.  Because the Government is not challenging this issue, we remand for resentencing under the FSA.  *See United States v. France*, 471 F. App'x 497 (6th Cir. 2012) (concluding on appeal after resentencing that because the government "agrees with France that he should be sentenced under the Fair Sentencing Act . . . we vacate . . . and remand for resentencing.").

---

[5]The new threshold for a ten year mandatory minimum is 280 grams of cocaine base, and the new threshold for the five year mandatory minimum is 28 grams. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii).  Logan possessed 141.887 grams of cocaine base.

There is however, one other issue before us, and that is the Government's cross-appeal challenging the district court's decision to run Logan's five year mandatory minimum for the firearm conviction concurrently rather than consecutively to the minimums for his drug offenses. Though we typically review sentencing appeals under a reasonableness standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), that standard does not apply when the issue is whether the district court correctly applied a statutory mandatory minimum sentence. *See United States v. Higgins*, 557 F.3d 381, 397 (6th Cir. 2009) ("Even assuming that the district court abused its discretion in sentencing Higgins . . . Higgins was sentenced pursuant to a statutory mandatory minimum such that on remand, the district court would not have the discretion to impose a shorter term of imprisonment.") (quotations omitted); *United States v. McElroy*, 362 F. App'x 497, 499 (6th Cir. 2010) ("Sentencing courts and appellate courts are bound by minimum sentences set by statute, and consideration of the substantive and procedural reasonableness of such sentences is not appropriate.").

The Government argues that the Supreme Court's decision in *Abbott v. United States*, 131 S. Ct. 18, 22-31 (2010) forecloses any argument that Logan's sentence for violating 18 U.S.C. § 924(c)(1)(A) should run concurrent to his other mandatory minimums. Section 924(c) requires specific mandatory minimums for firearms offenses in connection with "any crime of violence or drug trafficking crime," "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." § 924(c)(1)(A). Mandatory minimums that do not fall within the exception are to run consecutive to any term of imprisonment for the underlying drug trafficking crime for which the firearm was used. § 924(c)(1)(D)(ii).

In *Almany*, we held that § 924(c)'s "except" clause applied when the underlying drug or violent crime had a higher mandatory minimum. 598 F.3d at 242. In other words, we held that § 924(c)'s consecutive mandatory minimum did not apply if the underlying crime had a higher mandatory minimum (as here where Logan's drug offenses had ten year mandatory minimums at the time of the initial sentencing). The Supreme Court rejected this argument in *Abbott* and explained that the "except" clause in § 924(c) refers only to other provisions of law prohibiting the "conduct § 924(c) proscribes, *i.e.*, possessing a firearm in connection with a predicate crime." 131 S. Ct. at 23, 26. ("a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."). Accordingly, after the Court decided *Abbott*, it granted certiorari in *Almany*, vacated, and remanded. 131 S. Ct. at 637. *See United States v. Almany*, 626 F.3d 901, 901-02 (6th Cir. 2010) (vacating the original *Almany* decision and affirming the district court).

In this case, the district court expressly relied on the original *Almany* decision when it resentenced Logan to serve the § 924(c) five year mandatory minimum concurrent to his ten year minimums for the drug offenses. R. 153, Page ID # 1113. It did so because *Abbott* had not yet been decided. *Abbott* was decided two months after Logan's resentencing and while this appeal was pending.

Logan does not dispute the effect of *Abbott*, *see* Appellant Cross-Appellee Third Br. at 4, 6, (admitting that the five year mandatory minimum would be "'in addition to the punishment provided' for the predicate drug offenses"), but nevertheless argues that because *Abbott* was not decided until after his resentencing, it should not apply to him. He asserts that by following *Almany*,

- 6 -

the district court was merely "applying the law in effect at the time at the time it render[ed] its decision," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 273 (1994), and that applying *Abbott* to him at this point would violate the Ex Post Facto and Due Process Clauses.

But this argument is foreclosed by our recent decision in *United States v. Beals*, where we dispatched with these same arguments. 698 F.3d 248, 272 (6th Cir. 2012). In that case, as here, the defendant was subject to ten year mandatory minimum sentences for two drug convictions and a five year mandatory minimum for a violation of § 924(c). *Id.* at 271. The district court, following our interpretation of § 924(c) in *Almany*, sentenced the defendant to 168 months' imprisonment rather than 180 months. *Id.* As here, *Abbott* was decided while the appeal was pending, and the Government argued that in light of *Abbott*, the 168 month sentence had become unlawful. *Id.* at 272. As here, the defendant countered by arguing that applying *Abbott* to him would amount to an Ex Post Facto or Due Process violation. *Id.*

We rejected those arguments in light of "the *unanimous* views of the Justices in *Abbott* that [§ 924(c)] *unambiguously* required a consecutive five-year sentence for those in [defendant's] position." *Id.* at 273. We reasoned that where a law is unambiguous, there is little merit to the argument that the defendant lacked a "fair warning" about criminal liability. *Id.; see Landgraf*, 511 U.S. at 266-67. It is similarly difficult to sustain the argument that the Supreme Court's interpretation of an unambiguous law "attaches new legal consequences" to criminal acts. *Landgraf*, 511 U.S. at 270. Accordingly, in *Beal*, we concluded that "[b]ecause the district court declined to impose a consecutive minimum sentence of five years for the conviction, [defendant's] sentence is

now unlawful, and he must be resentenced." *Id.* at 272 (citing *United States v. Taylor*, 666 F.3d 406, 411 (6th Cir. 2012)).

The same conclusion is warranted in this case. The district court's earlier decision to run Logan's § 924(c) sentence concurrently rather than consecutive to his other mandatory minimum sentences was based upon our decision in *Almany*, which has since been abrogated by *Abbott*. Accordingly, because *Abbott* reaffirmed that the exception in § 924(c) does not apply to facts like those here (a conclusion Logan does not contest), and because the district court did not impose the consecutive minimum sentence required by the statute, 18 U.S.C. § 924(c)(1)(D)(ii), we also remand this issue for resentencing. *See Taylor*, 666 F.3d at 411 ("The Supreme Court adopted the government's reading of the statute during the pendency of this appeal . . . we therefore vacate [defendant's] sentence and remand for resentencing consistent with *Abbott*.") (citation omitted).

For the foregoing reasons, we vacate Logan's sentence and remand for resentencing consistent with this opinion.