**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0532n.06

No. 11-1135

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** | | **FILED** |
| **FOR THE SIXTH CIRCUIT** | | **May 22, 2012** |
| | | LEONARD GREEN, Clerk |

UNITED STATES OF AMERICA, )
                                      )
     Plaintiff-Appellee,                )     ON APPEAL FROM THE
                                        )     UNITED STATES DISTRICT
v.                                 )     COURT FOR THE EASTERN
                                        )     DISTRICT OF MICHIGAN
QUENTON THOMAS WHITSELL, SR.,     )
                                        )
     Defendant-Appellant.           )
                                        )

BEFORE: SUTTON, McKEAGUE, and RIPPLE, Circuit Judges.[*]

**RIPPLE, Circuit Judge.** Quenton Thomas Whitsell, Sr., pleaded guilty to drug and firearm offenses. He now seeks to invalidate his guilty pleas and challenge his sentence. For the reasons set forth below, we affirm the district court's judgment as to Mr. Whitsell's guilty pleas and dismiss the appeal as to his sentence.

Pursuant to a Rule 11 plea agreement, Mr. Whitsell pleaded guilty to two counts of the first superseding indictment charging him with possession with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4). With respect to Mr. Whitsell's sentencing, the parties agreed upon a guidelines range of 262 to 327 months, and the government agreed to recommend a sentence not exceeding the top of that range. Mr. Whitsell

---

[*] The Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

reserved the right to withdraw his guilty pleas if the district court imposed a higher sentence. Also as part of the plea agreement, Mr. Whitsell waived all rights to appeal his convictions and sentence.

The probation office prepared a presentence report calculating a guidelines range higher than the agreed-upon range. Mr. Whitsell moved to withdraw his guilty pleas based on the presentence report's higher guidelines range and on the Supreme Court's recent decision in *Abbott v. United States*, 131 S. Ct. 18, 23 (2010), requiring a mandatory, consecutive five-year sentence for his § 924(c) conviction. The district court denied Mr. Whitsell's motion to withdraw his guilty pleas with leave to renew the motion post-sentencing. Mr. Whitsell moved for reconsideration, again asserting that the change in law with respect to the mandatory minimum for the firearm count entitled him to withdraw his guilty pleas.

At sentencing, the district court rejected the presentence report's higher guidelines range and adopted the agreed-upon range of 262 to 327 months. The district court denied Mr. Whitsell's motion for reconsideration, noting its intent to impose a sentence within the agreed-upon range. After considering Mr. Whitsell's arguments for a sentence below the agreed-upon range and the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Mr. Whitsell to 262 months of imprisonment on the drug count and imposed the mandatory, consecutive 60-month sentence on the firearm count.

This timely appeal followed. The government moved to dismiss Mr. Whitsell's appeal based on the appellate waiver in the plea agreement. The motion to dismiss was referred to this panel. Mr. Whitsell filed a motion to file his own brief supplementing the brief filed by counsel, which this court denied. Mr. Whitsell filed a motion for reconsideration and tendered a supplemental brief. The brief filed by counsel raises the following issues: (1) Mr. Whitsell's plea was not knowing and

voluntary because the district court failed to advise him properly regarding the mandatory minimum on the firearm count; (2) the district court violated the plea agreement by sentencing him in excess of the agreed-upon mandatory minimum; and (3) the district court should have sentenced him under the Fair Sentencing Act of 2010 because his sentencing occurred after the Act's effective date.

Mr. Whitsell first contends that his plea was not knowing and voluntary. "The issue of whether a plea was knowing, voluntary, and intelligent is a legal question that this Court reviews de novo*." United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). The validity of a plea is determined by referring to the totality of the circumstances. *United States v. Usher*, 703 F.2d 956, 958 (6th Cir. 1983).

First, Mr. Whitsell contends that his plea was not knowing and voluntary because the district court failed to advise him properly regarding the mandatory minimum for the firearm count as required by Rule 11(b)(1)(I). We review a violation of Rule 11's requirements for harmless error. Fed. R. Crim. P. 11(h). A violation "is harmless error if it does not affect substantial rights." *Id*. "If a defendant fails timely to object to a Rule 11 violation, the standard shifts to plain error and the burden is on the defendant to show that but for the error, he would not have pleaded guilty." *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012). While Mr. Whitsell moved to withdraw his guilty pleas based on *Abbott*, he never made a specific objection to a Rule 11 violation. Regardless, the district court did not err in advising Mr. Whitsell of the mandatory minimum for the firearm count.

At the time of Mr. Whitsell's plea colloquy, Sixth Circuit precedent held that a firearm-related mandatory minimum sentence could be served concurrently with a mandatory minimum for another crime. *See United States v. Almany*, 598 F.3d 238 (6th Cir. 2010).

Consequentially, the district court informed Mr. Whitsell that his sentences for a drug offense and a firearm offense "could be served consecutively but more likely, under federal law, sentencing will be made concurrently." R.69 at 15. After Mr. Whitsell's plea colloquy, but before he was sentenced, the Supreme Court abrogated *Almany* by holding that the firearm-related mandatory minimum must be applied consecutively, rather than concurrently, with other mandatory minima. *Abbott v. United States*, 131 S. Ct. 18 (2010). Mr. Whitsell now contends that this post-plea change in the law rendered his plea unknowing and involuntary. His argument is foreclosed by both Supreme Court precedent and the precedent of this court, which state clearly that post-plea changes cannot render an otherwise valid plea involuntary or unknowing. *See Brady v. United States*, 397 U.S. 742 (1970); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). As the Second Circuit has stated, "[T]he possibility of changes in the law is simply one of the risks allocated by the parties' [plea] agreement." *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005). Mr. Whitsell presents no other reason to doubt the validity of his plea, and we find none in the record.

Mr. Whitsell next argues that the district court violated the plea agreement by sentencing him in excess of the agreed-upon mandatory minimum. Because Mr. Whitsell failed to make this specific objection before the district court, we review for plain error. *See United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002).

Paragraph 2B of Mr. Whitsell's plea agreement stated: "Defendant's guideline range is **262-327** months, as set forth on the attached worksheets." Worksheet D set forth the guidelines range calculation and further provided: "Pursuant to 21 U.S.C. § 841(b), a ten-year mandatory minimum applies to Count Three, and pursuant to recent Sixth Circuit case law, the five-year term mandated by 18 U.S.C. § 924(c) is not mandatorily imposed to run consecutively to the ten-year

term. Thus, the mandatory minimum is ten years." Again, at the time that Mr. Whitsell entered into the plea agreement, this was a correct statement of the law regarding the mandatory minimum sentence for a § 924(c) conviction. Even if the district court violated the plea agreement by imposing the five-year mandatory minimum for the firearm count in addition to the ten-year mandatory minimum for the drug count, that purported violation did not affect Mr. Whitsell's substantial rights. The district court ultimately sentenced Mr. Whitsell within the agreed-upon guidelines range. Considering that the agreed-upon guidelines range was lower than the range calculated by the probation office and that Mr. Whitsell potentially faced a life sentence, he received the benefit of his bargain.

We have held that a judge's failure to communicate the mandatory minimum sentence does not affect the substantial rights of the defendant when the guideline sentencing range exceeds the mandatory minimum. *See United States v. Bashara*, 27 F.3d 1174, 1179-80 (6th Cir. 1994), *superseded on other grounds by statute*. In this case, Mr. Whitsell was subject to a guidelines sentence of 262-327 months. As with the defendant in *Bashara*, Mr. Whitsell was on notice that he would receive a sentence longer than the total fifteen years imposed by consecutive mandatory minimums. Even if he was misinformed that he would be subject to a ten-year (120 month) mandatory minimum, rather than a fifteen year (180 month) mandatory minimum, that misstatement simply does not infringe on a substantial right.

Finally, Mr. Whitsell's argument that the district court should have sentenced him under the Fair Sentencing Act and his arguments raised in the tendered supplemental brief are barred by the plea agreement's appeal waiver. We review de novo "the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement." *United States v. McGilvery*, 403 F.3d

361, 362 (6th Cir. 2005).  In the plea agreement, Mr. Whitsell agreed "to give up all appeal rights he may have regarding both his conviction and sentence in exchange for the other terms of this Agreement."  In accordance with Rule 11(b)(1)(N), the district court reviewed the appeal waiver during the plea hearing and ascertained that Mr. Whitsell understood the rights that he was waiving. The appeal waiver is thus valid and enforceable.  *See McGilvery*, 403 F.3d at 363; *see also Bradley*, 400 F.3d at 465-66 (enforcing appeal waiver after rejecting the defendant's argument that a subsequent change in the law invalidated his plea).

For the foregoing reasons, we AFFIRM the district court's judgment as to Mr. Whitsell's guilty pleas and otherwise DISMISS this appeal.