**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1083n.06

No. 12-5090

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 16, 2012**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MICHAEL M. RYERSON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; ROSENTHAL, District Judge.[*]

PER CURIAM. Almost eight months after Michael M. Ryerson pleaded guilty to one count alleging a drug-trafficking conspiracy and one count alleging possession of a firearm in connection with the drug offense, he moved to withdraw his plea. The district court denied the motion and Ryerson appealed his conviction and sentence. We affirm the district court's judgment.

## I. Background

In 2009, Ryerson was charged with, among other things, conspiring to manufacture, distribute, and possess with intent to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and with possessing a firearm in furtherance of the drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Ryerson had a prior felony drug conviction. He was told

---

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

at his arraignment that he faced a sentence of between 20 years to life imprisonment on the drug-trafficking conspiracy charge and between 5 years to life imprisonment on the § 924(c) firearm charge, to "run consecutively to any other term of imprisonment imposed."

On March 10, 2010, this court held in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), that 18 U.S.C. § 924(c) "forbade the imposition of the [five-year] mandatory minimum contained in the firearm statute in conjunction with another, greater mandatory minimum sentence." *Id.* at 242. Five months later, on August 27, 2010, Ryerson pleaded guilty to the conspiracy and § 924(c) charges. The written plea agreement stated that the prison term for the drug offense was at least twenty years and as much as life, and for the firearm offense, at least five years and as much as life, to be served consecutively to any other prison term imposed. The plea agreement also stated that the government would consider whether to move for a lower sentence on the basis of substantial assistance, but made clear that this decision was in the government's sole discretion and that there was no promise or guarantee.

During the hearing on his change of plea, the government recited the minimum prison sentences Ryerson faced — 20 years on the drug count and 5 years on the firearm count — and stated that the 5 years would run consecutively. Ryerson stated, under oath and in open court, that he understood. He also admitted that the statements in the factual basis were true. The district court accepted Ryerson's plea and found him guilty on both counts.

Almost three months later, on November 15, 2010, the Supreme Court decided *Abbott v. United States*, — U.S. —, 131 S. Ct. 18 (2010). The Court abrogated *Almany*, holding instead that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not

spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.* at —, 131 S. Ct. at 23.

Ryerson received the Presentence Investigation Report ("PSR"). The PSR stated that the minimum prison term for the § 924(c) firearm conviction was 5 years consecutive to the 20–year minimum prison term for the drug-trafficking conspiracy conviction. Ryerson agreed with that statement of his exposure in a sentencing memorandum filed in advance of his sentencing hearing. R. 70, Sentencing Memorandum, at 4 ("Defendant faces a mandatory minimum sentence of 300 months — 240 months for conviction of the conspiracy and 60 months for possession of a firearm.").

On April 14, 2011, the government informed Ryerson that it would not move for downward departure based on substantial assistance. That same day, Ryerson instructed his attorney, Andrew Roskind, to move to withdraw his guilty plea.

At a hearing on Ryerson's motion, Roskind testified that before the hearing on the change of plea, he had discussed the *Almany* decision with Ryerson and told him that, under Sixth Circuit law, the 5-year prison term for the § 924(c) charge might be concurrent rather than consecutive. But Roskind testified that he would have changed his plea recommendation had he appreciated the potential impact of *Abbott*. Roskind also told Ryerson that notwithstanding *Almany*, the district court could sentence him to as much as life in prison.

After considering Roskind's testimony and the parties' arguments, the district court denied Ryerson's motion to withdraw his guilty plea. In its order, the district court considered each plea-withdrawal factor outlined in *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), *superseded by statute on other grounds as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th

Cir. 2000). The district court sentenced Ryerson to 300 months' imprisonment — 240 months for the drug-trafficking conspiracy charge and 60 months for the § 924(c) charge. This timely appeal followed.

Ryerson's appellate brief raises two issues: (1) whether his plea was knowing and voluntary; and (2) whether the district court misapplied the *Bashara* factors. After thorough review, we affirm.

## II. Analysis

### A. Ryerson's Plea Was Knowing and Voluntary

Ryerson in effect argues that he did not knowingly and voluntarily plead guilty because the law on consecutive mandatory-minimum sentences changed after his change of plea hearing but before sentencing. "The issue of whether a plea was knowing, voluntary, and intelligent is a legal question that this Court reviews de novo." *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). A court examines plea validity based on the totality of the circumstances. *United States v. Usher*, 703 F.2d 956, 958 (6th Cir. 1983).

When Ryerson entered his plea, under Sixth Circuit precedent, the sentence for the § 924(c) count of conviction *could* have been imposed concurrently with the mandatory-minimum sentence for the drug-trafficking conspiracy conviction. *See Almany*, 598 F.3d at 242. At Ryerson's change of plea hearing, the government stated that he faced a minimum 20-year prison sentence on the drug-conspiracy count and a minimum consecutive 5-year prison sentence on the § 924(c) count. Ryerson stated that he understood and wanted to proceed with his guilty plea.

After the change of plea hearing but before the PSR was prepared and before Ryerson was sentenced, the Supreme Court abrogated *Almany* by holding that the § 924(c) mandatory minimum

*must* be served consecutive to, rather than concurrent with, another mandatory minimum sentence. *Abbott*, — U.S. at —, 131 S. Ct. at 23. Ryerson contends that this change in the law made his plea unknowing and involuntary. Ryerson's argument is foreclosed by precedent in the Supreme Court and this court and by the record.

Post-plea changes cannot make an otherwise valid plea involuntary or unknowing. *See Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A]bsent misrepresentation or other impermissible conduct by state agents, . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005) ("[C]hange in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature."). "'[T]he possibility of changes in the law is simply one of the risks allocated by the parties' [plea] agreement.'" *United States v. Whitsell*, — F. App'x —, —, 2012 WL 1861113, at *2 (6th Cir. 2012) (alterations in original) (quoting *United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005)).

The record also precludes Ryerson's argument that he was misled into believing that he would not be given consecutive sentences. The record shows that his lawyer told him before he decided to plead guilty that he could be sentenced to life in prison. At the change of plea hearing, he stated under oath that he understood that he would receive consecutive sentences and that he understood the minimum and maximum terms he faced. Ryerson presents no other reason to doubt the validity of his plea, and we find none in the record.

The district court did not err in finding Ryerson's plea to have been knowingly and voluntarily made.

**B.      The District Court Properly Applied the *Bashara* Factors**

A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of

discretion. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). "A district court abuses

its discretion where it relies on clearly erroneous findings of fact, or when it improperly applies the

law or uses an erroneous legal standard." *Id.* (citation and internal quotation marks omitted).

Under the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea

before sentencing only if he "can show a fair and just reason for requesting the withdrawal." Fed.

R. Crim. P. 11(d)(2)(B).  In *United States v. Bashara*, 27 F.3d 1174, this court identified a

nonexhaustive multifactor test to guide district courts in determining whether to grant a defendant's

motion to withdraw a guilty plea.  The *Bashara* factors are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it;
> (2) the presence (or absence) of a valid reason for the failure to move for withdrawal
> earlier in the proceedings; (3) whether the defendant has asserted or maintained his
> innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the
> defendant's nature and background; (6) the degree to which the defendant has had
> prior experience with the criminal justice system; and (7) potential prejudice to the
> government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181.  No one factor controls.  *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th

Cir. 1996).  "The relevance of each factor will vary according to the circumstances surrounding the

original entrance of the plea as well as the motion to withdraw." *Haygood*, 549 F.3d at 1052

(citation and internal quotation marks omitted).  The district court's order denying Ryerson's motion

to withdraw his guilty plea thoroughly examined the seven *Bashara* factors.

First, the district court found that the nearly eight-month lapse between when Ryerson

entered his guilty plea and when he moved to withdraw it weighed in favor of denying the motion.

The district court rejected Ryerson's argument that the Supreme Court's decision in *Abbott* caused the delay, noting that nearly five months had elapsed between that decision and Ryerson's motion to withdraw his plea. As the district court observed, this court has found that substantially shorter delays supported denying motions to withdraw a guilty plea. *See, e.g.*, *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (decrying a "lengthy 55–day delay" in filing a motion to withdraw a guilty plea); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (denying a motion to withdraw a guilty plea after a five-week delay).

Second, and relatedly, the district court properly concluded that Ryerson did not have a valid reason for failing to move to withdraw earlier. Ryerson argued that he was confused about *Almany* and how it affected his case, and that he had no chance to talk with his lawyer about *Abbott* before sentencing. But the record is clear that Ryerson and his counsel discussed his sentencing exposure before the change of plea hearing and again after the PSR issued. Ryerson was aware that he could be sentenced to life in prison. At the change of plea hearing, Ryerson stated that he understood he could receive a life sentence and that he faced a consecutive 5-year sentence for the § 924(c) count. After the PSR issued, Ryerson filed a sentencing memorandum in which he again stated his understanding that the sentence for the § 924(c) conviction was a consecutive 5-year prison term, with no mention of *Almany* or *Abbott*.

The third *Bashara* factor asks "whether the defendant has asserted or maintained his innocence." *Bashara*, 27 F.3d at 1181. Ryerson argued that he had asserted his innocence of the § 924(c) charge. The district court found that Ryerson did not "maintain" his innocence, and the record supports this finding. Ryerson neither repeatedly nor vigorously asserted his innocence of

the § 924(c) count.  To the contrary, in the discussions with the government leading up to the plea, Ryerson raised issues about parts of the factual basis in a draft of the written plea agreement.  The issues he raised related only to the description of his involvement with his coconspirator.  Ryerson raised no issues relating to the facts supporting the § 924(c) charge.  The government revised the part of the factual basis about Ryerson's coconspirator.

The factual basis in the plea agreement Ryerson signed included the following paragraph:

> In addition, on April 27, 2009, a search warrant was executed at the defendant's residence and a nearby barn, which are both located in Claiborne County, Tennessee, which is within the Eastern District of Tennessee.  Found on the desk in the defendant's master bedroom, where he was sleeping, was 1.6 grams of methamphetamine that belonged to the defendant.  Additionally, a loaded firearm was found in the defendant's master bathroom, which is attached to the master bedroom.  The loaded firearm was found in the same location where $28,000 in cash was recovered and was used to further the defendant's drug trafficking activity.

Ryerson stated under oath, in open court, that the factual basis was true and pleaded guilty to the § 924(c) charge.  The district court properly found that the third *Bashara* factor did not weigh in favor of granting Ryerson's motion.

The district court found that the fourth factor — the circumstances underlying the entry of the guilty plea — also weighed against granting the motion to withdraw.  Ryerson argued that Roskind's testimony, particularly that he would have advised Ryerson differently had he appreciated the implications of *Abbott*, supported withdrawing the guilty plea.  The district court rejected this argument, emphasizing that Ryerson was advised on at least three occasions that his sentence for the § 924(c) conviction was a minimum of five years and would be served consecutively to the sentence on the drug-trafficking conspiracy conviction, which was a minimum of twenty years.  Ryerson

signed the plea agreement that included this information and orally acknowledged his understanding. The district judge also noted that Ryerson's exposure was not changed by either *Almany* or *Abbott* because he faced the possibility of life imprisonment both before and after these decisions. This court agrees with the district court that this factor weighs against withdrawal.

The district court observed that Ryerson's "intelligence, sophistication, and understanding of his plea are relevant to the Court's analysis" of the fifth factor. R. 97, Memorandum and Order, at 14 (citing *United States v. Ellis*, 470 F.3d 275, 285 (6th Cir. 2006) (finding that this factor supported denial of defendant's motion because the defendant was highly educated and sophisticated and understood what he was doing when he entered his plea)). The district court noted that Ryerson was in his mid-thirties, had graduated from high school, and had held several mechanic jobs. There was no indication that Ryerson could not or did not understand the potential prison sentence he faced. The district court properly concluded that this factor did not weigh in favor of granting Ryerson's motion.

The district court also considered the sixth factor, "whether [Ryerson] is 'a novice' to or is 'familiar with' the criminal justice system." *Id.* (quoting *Spencer*, 836 F.2d at 240). Ryerson argued that his experience with the criminal justice system was primarily in state court, and the district court agreed that the federal and state sentencing laws and procedures are different. Given Ryerson's prior convictions, however, the district court did not agree that Ryerson was a novice or was unfamiliar with the criminal justice system. On balance, the court found that this factor was neutral, and the record supports this finding.

As to the seventh factor, the district court explained that "'[t]he government is not required to establish prejudice . . . unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal.'" *Id.* at 16 (alteration in original) (quoting *Spencer*, 836 F.2d at 240). The district court concluded that under the *Bashara* factors, Ryerson had not presented a fair and just reason for withdrawing his plea. Nevertheless, the district court found that the government had established that it would be prejudiced if Ryerson were permitted to withdraw his plea, given the amount of time that had elapsed since he was set for trial. Although we agree with the district court's reasoning, this factor is moot given the absence of a "fair and just reason" for withdrawing the plea. *See Spencer*, 836 F.2d at 240.

## III. CONCLUSION

The district court did not abuse its discretion in denying Ryerson's motion to withdraw his guilty plea.

We affirm the judgment of the district court.