NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0177n.06

No. 10-4585

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 13, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| Plaintiff-Appellee, | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| V. | ) | |
| | ) | O P I N I O N |
| Thomas Franklin, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     DAUGHTREY, MOORE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Defendant Thomas Franklin appeals his conviction for conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846 (the "drug statute") and the possession of a firearm in furtherance of said conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i) (the "firearm statute" or "§924(c)"). Specifically, Franklin challenges the district court's denial of his motion to withdraw his guilty plea for violating the firearm statute. We **AFFIRM** the district court's denial of Franklin's motion to withdraw his guilty plea.

**I. BACKGROUND**

On July 23, 2009, pursuant to a plea agreement, Franklin entered guilty pleas for violating both the drug statute and the firearm statute. R. 645, Minutes; R. 1089, Transcript. Although Franklin's plea agreement contained a provision for a potential motion for downward departure

pursuant to 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, or Rule 35 of the Federal Rules of Criminal Procedure, it emphasized that the United States Attorney retained sole discretion regarding whether such a motion would be filed.  R. 623, Plea Agreement, p. 8.

At the change of plea hearing, Federal Bureau of Investigation Agent Rick Wozniak provided the following factual background:

> On August 14, 2008, a traffic stop was conducted on a vehicle occupied by Guzman Chavez.  The traffic stop was conducted after Guzman Chavez was observed meeting with [Defendant] Franklin . . . . On September 16, 2008, search warrants were executed at two residences in Columbus, Ohio controlled by Franklin, 3626 Easton Loop West and 1417 Fahy Drive.  $25,400 in cash was seized from the Fahy Drive address, as well as five firearms, scales, a money counter, cocaine tester and 41.66 grams of cocaine . . . . Those firearms included a HI Standard, 22 caliber revolver, serial number 676332; a 40 caliber pistol, serial number SXD62356; a Glock .45 caliber pistol, serial number BKN899; a Ruger .357 caliber revolver, serial number 152-97744; and a Davis, .38 caliber pistol, serial number D040085.  In total, investigating agents have documented that Franklin conspired with . . . others to distribute and possess with intent to distribute between more than 15 kilograms but less than 30 kilograms of cocaine . . . and in furtherance of that drug trafficking conspiracy possessed the five firearms seized from his Fahy Drive residence.

R. 1089, 7/23/09 Change of Plea Transcript, pp. 17-19.

When the district court asked if any part of Agent Wozniak's statement was incorrect, Franklin's attorney responded: "I want to reiterate for the record that the five firearms were not possessed by Mr. Franklin.  Two of the firearms — the .40 and the .45 caliber — were his guns. The others he had no claim in." *Id.* at 19.  The district court then asked Franklin, "So with the exception that was just made [by your attorney], Mr. Franklin, was the statement correct?" *Id.* at 20.  Franklin responded affirmatively. *Id.*  The district court continued: "Are you offering to plead guilty to possession of a firearm in furtherance of a drug trafficking crime because you

actually committed that offense?" *Id.* Franklin again responded affirmatively. *Id.* The district court observed that Franklin "showed some hesitation," and therefore told Franklin that "I want to be clear this is your intention." *Id.* Yet again, Franklin responded affirmatively. *Id.* at 21. The district court concluded the hearing by finding that "the plea has been made voluntarily, with a full understanding of the nature of the charges and the consequences of the offered pleas of guilty." *Id.*

On March 10, 2010, before Franklin's sentencing hearing, this Court ruled that a mandatory consecutive sentence could not be imposed for a violation of § 924(c) where a defendant also faced a greater mandatory minimum sentence on another charge, based on our decision in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). Because the drug statute carried a ten-year mandatory minimum sentence and the firearm statute carried a five-year mandatory minimum sentence, Franklin was then facing only a mandatory minimum sentence for violating the drug statute.

The Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. Because the motion was not pursuant to 18 U.S.C. § 3553(e), it did not affect the ten-year mandatory minimum sentence for the drug sentence. Because, under the then-binding decision of this Court in *Almany*, the firearm statute no longer justified a mandatory minimum sentence, the United States sought a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) on that charge. R. 10001, Motion, p. 1. Franklin's resulting sentencing guideline range was 135 to 168 months, and the Government recommended a two-level downward departure that would have reduced the guideline range to 120 to 135 months. *Id.* at 5.

At Franklin's sentencing hearing on May 11, 2010, Franklin's counsel requested a continuance to become more familiar with *Almany*. Minute Entry of Sentencing Hearing, 5/11/10. During the continuance, Franklin retained new counsel, R. 1029, Substitution of Counsel, and then filed a motion to withdraw his guilty plea for violating the firearm statute on May 28, 2010. R. 1078, Motion to Withdraw Plea; R. 1336, Transcript of Defendant's Motion to Withdraw Guilty Plea, pp. 14-16.

The district court held an evidentiary hearing on Franklin's motion to withdraw his guilty plea for violating the firearm statute on August 3, 2010. R. 1173. At the hearing, Franklin claimed that, while he owned two guns, both of his firearms were kept in his bedroom, and he neither carried a gun nor used a gun in furtherance of drug activity. R. 1336, Transcript of Defendant's Motion to Withdraw Guilty Plea, pp. 17, 22-23. Franklin explained his rationale for entering a guilty plea for violating the firearm statute as follows:

> I was told by Sam Weiner [Franklin's previous attorney] that if I pled guilty to the 924(c) and the conspiracy, that the government would file a motion, a 5K1 motion, for me, and it would apply to both charges, and there would be no longer any guideline ranges. Nothing would matter. It would all be left up to the Judge.

*Id.* at 8. Franklin further stated: "the only reason I pled guilty was the 5K was supposed to be filed across the board." *Id.* at 17.

Franklin admitted, however, that a total of five guns were seized from his residence, including one on top of the refrigerator in the kitchen. *Id.* at 23-24. He also acknowledged that a sack containing 41.66 grams of cocaine was discovered in the kitchen cabinet of his home. *Id.* at

24. Franklin admitted he was aware the gun in the kitchen existed, but he attributed it to his fiancee. *Id.* Franklin pleaded ignorance regarding the cocaine. *Id.*

After Franklin's testimony, the district court noted: "I could accept the facts as the defendant sees them and still not be sure that . . . would prove the factual innocence of these charges." *Id.* at 46. Accordingly, the district court directed both parties to brief "whether the facts at the colloquy sufficiently establish a 924(c) violation." *Id.* After receiving their submissions, the district court issued an order denying Franklin's motion to withdraw his guilty plea for violating the firearm statute. R. 1289, Order.

Before Franklin's final sentencing hearing on December 14, 2010, the United States Supreme Court reversed *Almany* by holding "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbot v. United States*, 131 S. Ct. 18, 23 (2010). Thus, under *Abbot*, Franklin again faced a five-year mandatory sentence for violating the firearm statute as charged in the indictment.

At sentencing, to ensure that the district court was not required to impose § 924(c)'s five-year mandatory consecutive sentence, the Government orally modified its prior substantial assistance motion so that 18 U.S.C. § 3553(e) would apply to the firearm statute count. R. 1337, Transcript, p. 6. The district court granted the Government's motion and sentenced Franklin to ten years' imprisonment for violating the drug statute, followed by a ten-month consecutive sentence for violating the firearm statute. Franklin then filed a timely notice of appeal. R. 1313, Notice of Appeal.

On appeal, Franklin urges this Court to reverse and remand the district court's denial of his motion to withdraw his guilty plea for violating the firearm statute.

## II. ANALYSIS

### A.       Standard of Review and Applicable Law

This Court reviews a district court's denial of a motion to withdraw a guilty plea under the abuse-of-discretion standard. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). "A district court abuses its discretion where it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (internal quotation marks omitted).

Pursuant to the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea before sentencing only if he "can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). In *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), this Court identified a non-exhaustive multi-factor balancing test to guide district courts in determining whether to grant a defendant's motion to withdraw a guilty plea. The *Bashara* factors are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181. In weighing these factors, "[n]o one factor controls; the list is general and nonexclusive." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Further, "[t]he

relevance of each factor will vary according to the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *Haygood*, 549 F.3d at 1052 (internal quotation marks omitted). Finally, "[p]lea withdrawals should generally not be allowed where a defendant has made a tactical decision to enter a plea, waited several weeks, and then believes he made a bad choice in pleading guilty." *Id.* at 1252-53 (internal markings omitted).

**B.      The District Court Properly Denied Franklin's Motion to Withdraw his Guilty Plea**

The district court's order denying Franklin's motion to withdraw his guilty plea offered a thorough and appropriate examination of the seven *Bashara* factors. This Court agrees with the district court's analysis. As such, we find that Franklin's motion to withdraw his guilty plea for violating the firearm statute should be denied. Our examination of the district court's analysis of each *Bashara* factor follows.

First, the district court found that the 300-day lapse between the date Franklin entered his guilty plea and the date he moved to withdraw it weighed in favor of denying Franklin's motion. R. 1289, p. 8. As the district court observed, Franklin offered legitimate explanations for the lengthy delay, including his inability to contact his lawyer and his reliance on his lawyer's representations that the Government would file a downward departure motion for the firearm count. *Id.* In addition, the intervening *Almany* decision also contributed to the delay. Nonetheless, as the district court noted, this Court has determined that delays of substantially less time support the denial of a motion to withdraw a guilty plea. *See, e.g., United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (decrying a "lengthy 55-day delay" in filing a motion to withdraw his guilty plea); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987)

(denying a motion to withdraw a guilty plea after a five-week delay). As such, the district court properly concluded that "the significance of this delay cannot be totally ignored." R. 1289, p. 9. Likewise, this Court finds that the 300-day delay weighs against granting Franklin's motion to withdraw his guilty plea.

Second, and relatedly, the district court properly concluded that Franklin did not have a valid reason for failing to move for withdrawal earlier in the proceedings. The district court found that Franklin

> is at least partially motivated in attempting to withdraw his plea based on his realization that the plea agreement he had entered is not working in his favor, despite the fact that he indicated at the change of plea hearing that he understood that filing or not filing a downward departure motion was within the Government's sole discretion.

*Id.* As the district court explained, Franklin's strategic approach violates Rule 11(d)(2)(B)'s goal of "allow[ing] a hastily entered plea made with an unsure heart and mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (internal quotation marks omitted).

The third *Bashara* factor asks "whether the defendant has asserted or maintained his innocence." *Bashara*, 27 F.3d at 1181. Here, the district court noted that Franklin "demonstrate[d] a subjective belief on his part that he is innocent" because he did not carry a firearm in relation to a drug trafficking offense. R. 1289, p. 11. The district court properly recognized, however, that the firearm statute "criminalizes conduct beyond simply carrying a firearm in relation to a drug crime." *Id.* Indeed, § 924(c) also criminalizes possession of a

firearm in such a way that helps "forward . . . promote [or] advance" the underlying drug offense.

*See United States v. Krouse*, 370 F.3d 965 (9th Cir. 2004), *cert. denied*, 543 U.S. 988 (2004); *see also*, *United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001), *cert. denied*, 534 U.S. 1097 (2002).  Ultimately, the district court weighed this factor in Franklin's favor.  R. 1289, p. 13.

The district court found that the fourth factor — the circumstances underlying the entry of the guilty plea — "weigh[ed] in favor of the Government and denial of Defendant's motion."  *Id.* at 11.  As the district court explained, Franklin "indicated that he understood his rights and was voluntarily waiving them.  He also indicated that he understood the mandatory minimum sentence he faced for pleading guilty . . . and that it was completely within the Government's discretion to file a motion for downward departure."  *Id.*  Given this record, this Court agrees with the district court that Franklin's guilty plea was made knowingly and voluntarily and, consequently, finds that this factor also weighs against Franklin's motion.

Next, the district court found that factors five and six effectively neutralized each other: "Defendant is a high school graduate and attended college for two years.  While he has had some contact with the criminal justice system, the instant case is the first time he has been a defendant in federal court."  *Id.* at 12.  This Court agrees with the district court's conclusion: at the very least, Franklin's educational background and his criminal history suggest that he understood the significance of filing a guilty plea, and these factors therefore support the district court's denial of Franklin's motion to withdraw it.

Finally, the district court concluded that "the seventh factor weighs slightly in favor of the Government . . . as the Government would be prejudiced should Defendant's motion be granted."

*Id.* at 12-13. The district court explained: "In this regard, the Government has indicated that several of Defendant's co-defendants have agreed to testify against him, but many of these co-defendants have already been sentenced and sent to prison." *Id.* at 13.

This Court finds the district court's reasoning on this point compelling; the Government's case against Franklin would suffer if he were allowed to withdraw his guilty plea because, due to the lengthy passage of time, the Government's pool of witnesses is less certain. Even so, this factor is moot given this Court's findings that the other six factors weigh against Franklin. *See United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal . . . .").

In sum, this Court finds that the district court properly denied Franklin's motion to withdraw his plea for violating the firearm statute.

### III. CONCLUSION

Because the district court properly applied the correct law and correctly evaluated the relevant facts, we **AFFIRM** the district court's denial of Franklin's motion to withdraw his guilty plea for violating the firearm statute.