**NOT RECOMMENDED FOR FULL-TEXT PUBLICATON**
File Name: 15a0660n.06

No. 14-5959

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 30, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ROBERT GRAY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE:**  KEITH, ROGERS, and GRIFFIN, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.**  Defendant-Appellant Robert Gray ("Gray") appeals the denial of his motion to withdraw his plea of guilty to six counts of mail fraud in violation of 18 U.S.C. § 1341.  On appeal, Gray argues that the district court abused its discretion in denying his motion because his trial counsel's ineffective assistance rendered his plea involuntary.  Gray also argues that the district court erred in refusing to hold an evidentiary hearing on the motion.  For the reasons set forth below, we **AFFIRM** the decision of the district court.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2010, Gray allegedly persuaded an individual to invest money in his construction company.  (R. 59, Plea Hr'g Tr. 17:7-18:8, Feb. 25, 2014.)  Gray represented to the individual that the funds would be used for large-scale commercial projects in Kentucky.  (*Id.* 18-9:16.)  But in reality, Gray had no contracts for these projects.  (*Id.* 18:17-18.)  The individual then proceeded to mail several checks in large amounts to Gray, who deposited them

in his company's account. (*Id.* 19:2-11.) On June 12, 2013, Gray was indicted for six counts of mail fraud under 18 U.S.C. § 1341. (R. 1) Gray waived his right to court-appointed counsel, and proceeded to retain his own, Thomas Osborne. A jury trial was scheduled to begin on February 26, 2014. (R. 43)

Shortly before trial, however, Gray informed the prosecution of his intention to enter a guilty plea. A change of plea hearing was held on February 25, 2014, the day before trial was set to begin. During the hearing, the court confirmed that Gray was not forced to plead guilty, and was not promised anything beyond the terms in the plea agreement. (*See* R. 59, Plea Hr'g Tr. 4:11-16) He also confirmed his satisfaction with his counsel. (*Id.* 4:20-22.) Thus, Gray pled guilty to six counts of mail fraud at the hearing, and executed a plea agreement. (*Id.* 20:14-16.) (*See also* R. 50. Plea Agreement.)

But Gray changed his mind. On March 12, 2014, two weeks after the hearing, another attorney, Joseph Blandford, entered a substitution and appearance on Gray's behalf. (R. 53, Notice of Attorney Appearance.) That same day, Blandford filed a motion on Gray's behalf to continue sentencing in which he announced his intention to withdraw the plea. (R. 54, Mot. cont. sentencing.)

True to his word, Gray filed his motion to withdraw his plea on March 28, 2014. (R. 56, Mot. withdraw plea.) In support of the motion, he attached an affidavit, alleging that Mr. Osborne was not prepared for trial. According to Gray's affidavit, Mr. Osborne and he went to the Federal Bureau of Investigation office five days before the change in plea hearing. (R. 56-1, Gray Aff ¶ 3.) There, Gray reviewed the documents that the Government purportedly intended to use against him. (*Id.*) Mr. Osborne did not review the evidence, but merely told Gray to "look through it and let him know if there was anything we needed." (*Id.*) Three days before

trial, Mr. Osborne called Gray and told him for the first time that he needed to plead guilty. (*Id.* ¶ 4.) However, Gray did not want to plead guilty. (*Id.*) He was "practically crying" when he spoke with Mr. Osborne, and asked him if he could retain another attorney. (*Id.*) Mr. Osborne further advised Gray that if he did not enter a guilty plea, the "[c]ourt would put [him] in jail until another trial date." (*Id.*) After pleading guilty, Gray "immediately" started looking for another attorney. (*Id.* ¶ 5.)

The district court denied the motion to withdraw the plea on May 15, 2014. (R. 67, May 15, 2014 Order.) Judgment was entered on July 7, 2014. (R. 76, Judgment.) Gray was sentenced to sixty months' imprisonment and ordered to pay $220,000 in restitution. (*Id.*) Gray timely filed a notice of appeal two weeks later on July 21, 2014. (R. 78, Notice of Appeal.)

On appeal, Gray argues that Mr. Osborne provided ineffective assistance of counsel, which renders his plea involuntary. He also argues that the district court improperly refused his request for an evidentiary hearing.

## II.     STANDARD OF REVIEW

Gray challenges the district court's denial of his motion to withdraw his guilty plea, which our Court reviews for abuse of discretion. *See United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999); *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003) (internal quotation marks omitted).

## III.    DISCUSSION

### A.  Gray's claim for ineffective assistance of counsel is not ripe for review.

First of all, Gray argues that ineffective assistance of counsel rendered his plea involuntary.  To prevail on this claim, Gray must satisfy the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1985): (1) the defendant's counsel's performance was deficient, or put differently, "fell below an objective standard of reasonableness"; and (2) the performance prejudiced the defendant.  To establish prejudice in the context of guilty pleas, Gray must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Before we address the merits of Gray's claim, however, we must first determine if it is appropriate to do so.  "Ordinarily we will not review a claim of ineffective assistance of counsel on direct appeal"—as is the case here—"because the record is usually insufficient to permit an adequate review of such a claim." *United States v. Wynn*, 663 F.3d 847, 850 (6th Cir. 2011). Instead, it is more appropriate to raise these claims in a post-conviction proceeding under 28 U.S.C. §2255.  *United States v. Catching*, 708 F.3d 710, 715 n.3 (6th Cir. 2013). "An exception exists, however, when the record is adequately developed to allow the court to properly assess the issue." *Wynn*, 663 F.3d at 850 (internal quotation marks omitted).  In past cases, we have found the record to be underdeveloped where there is little to no evidence regarding the ineffective counsel's purportedly deficient advice.  *See, e.g.*, *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (declining to review ineffective assistance of counsel claim because "[t]here is little evidence in the record regarding what advice, if any, [defendant's] trial counsel provided . . . ."); *United States v. McCarty*, 628 F.3d 284, 296 (6th Cir. 2010)

4

(noting that the appellate brief "consists largely of unsubstantiated allegations without affidavits from defense counsel or [defendant] to buttress [his] arguments"); *United States v. Lawrence*, 557 F. App'x 520, 531 (6th Cir. 2014) (noting that ineffective assistance of counsel claims were "premature" because "[t]here is no affidavit or testimony from [defendant's] trial counsel explaining his defense strategy"). *See generally Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (explaining why it would be inappropriate to review ineffective assistance of counsel claims on direct appeal).

Based on the threadbare record here, Gray's ineffective assistance claim is simply not ripe for review. Although Gray has provided an affidavit, his allegedly ineffective trial counsel has not offered an affidavit or given any testimony. Much like the courts in *Valdez*, *McCarty*, and *Lawrence*, this Court is unable to determine whether "a seemingly unusual or misguided action by [Gray's] counsel had a sound strategic motive or was taken because [his] alternatives were even worse." *Massaro*, 538 U.S. at 505. At bottom, the record is not developed enough for this Court to conclude whether Gray's counsel complied with *Strickland*'s constitutional requirements.

Without the benefit of an adequately developed record, Gray's claim for ineffective assistance of counsel is not ripe for review. Gray, however, may pursue this claim in a petition for habeas relief.

**B.  The district court properly refused Gray's request for a hearing.**

Gray also argues that the district court should have held an evidentiary hearing. For a hearing to be required, a defendant must provide an "adequate basis for relief." *United States v. Mayo*, No. 98-5832, 1999 WL 775923, at *2 (6th Cir. Sept. 24, 1999); *United States v. Ford*, 15 F. App'x 303, 310 (6th Cir. 2001) (explaining that defendant was not entitled to evidentiary

hearing where allegations in motion to withdraw plea were "mere conclusions" or "inherently unreliable") (quoting *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir. 1985)); *see also United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) ("No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory.")

Here, Gray has not set forth an adequate basis for relief. As he states in his affidavit, "I was beside myself and unsure of what to do and Mr. Osborne told me I couldn't get another attorney and that if I didn't enter a guilty plea the Court would put me in jail until another trial date." (R. 56-1, Gray Aff., ¶ 4.). But the district court was not convinced and neither are we. The court emphasized the implausibility of Gray's logic: "[Gray] would have the [c]ourt believe that he took the advice of an attorney in whom he had lost faith, and pled guilty at his insistence to six counts of [mail] fraud carrying the possibility of a combined term of 120 years imprisonment, just to escape the possibility of being detained for a few months pending a new trial date with a new lawyer."[1] (R. 67, May 15, 2014 Order, at 5.) Accordingly, the district court's denial of Gray's request for an evidentiary hearing was proper.

**C. Gray has not otherwise shown a fair and just reason for withdrawal of his plea.**

A defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). *See Pluta*, 144 F.3d at 973

---

[1] We note here that Gray presented a different set of circumstances in his notice of appeal. In that notice, he spoke of the second attorney, Joseph Blandford, whom Gray retained. According to Gray, Mr. Blandford advised him to "go ahead and sign the plea agreement [sic] retain me and we will withdraw the plea at the sentencing hearing." (R. 78, Notice of Appeal.) Notably, Gray omits any reference to Mr. Blandford's performance in the appellant brief. Furthermore, Mr. Osborne purportedly coerced Gray to plead guilty; if he did not, he would be "forced to defend himself at trial"—an allegation omitted from the affidavit. (*Id.*)

Such issues raised in a notice of appeal, but not in an opening brief, are deemed waived; thus, we need not consider them for purposes of this opinion. *See Ramani v. Ashcroft*, 378 F.3d 554, 558 (6th Cir. 2004) ("It is proper for an appellate court to consider waived all issues not raised in an appellant's brief, even if the issue has been raised in a notice of appeal.") If anything, these inconsistencies confirm that the record is not well-developed enough for this Court to review the ineffective assistance of counsel claim.

(emphasizing defendant's burden). In determining whether a defendant has shown a "fair and just reason," we consider the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by guidelines amendment on other grounds,* U.S.S.G. § 3B1.1.

Although the district court considered all seven factors, Gray's brief does not address a single one. Thus, it would be unnecessary for us to consider arguments related to those factors. *See Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003) (stating that an appellant abandons any argument not raised in an opening brief). Even so, Gray fails to advance a "fair and just reason." As the district court concluded, the factors decidedly weigh against Gray:

1.      *Factors one and two—Amount of time elapsed between the plea and the motion to withdraw, and presence or absence of a valid reason for the failure to move for withdrawal earlier:* The district court considered these factors together, and concluded that they weighed in favor of Gray. (R. 67, May 15, 2014 Order, at 2.) It found that even though Gray waited thirty days to file the motion, he took "quick steps to obtain new counsel and the amount of time from the guilty plea to the motion to withdraw is relatively short under the circumstances." (*Id.*) To give Gray the benefit of the doubt, we do not dispute this analysis.

2.      *Factor three—Gray's assertion or maintenance of innocence:* This factor, as the district court rightly concluded, weighs against Gray. He pled guilty during the change of plea

hearing and in the plea agreement itself. (*See* R. 59, Plea Hr'g Tr. 20:14-16); (R. 50, Plea Agreement). Except for his affidavit—filed after the entry of the plea—Gray has not asserted his innocence.

3. *Factor four—Circumstances underlying the entry of the guilty plea:* Gray does not dispute that the district court properly conducted the plea hearing in compliance with Fed. R. Crim. P. 11(b). He instead claims that the plea was not entered voluntarily because of his counsel's ineffective assistance. But, as noted in Part III.B above, his explanation for pleading guilty in the first place is unpersuasive. This factor works against Gray.

4. *Factors five and six—Gray's nature and background, and the degree to which he has had prior experience with the criminal justice system:* The district court considered these two factors together. It found that Gray obtained a GED, and has worked in a factory and in an auto parts store. (R. 67, May 15, 2014 Order, at 5-6.) Further, as laid out in the pre-sentencing investigation report, Gray has been convicted of a felony and numerous misdemeanors. (*Id.*; R. 70, Final Presentence Investigation Rep.) Thus, these two factors show that Gray understood the nature of court proceedings at issue here.

5. *Factor seven—Potential prejudice if the court grants the motion to withdraw:* The district court did not consider this factor, which this Court finds appropriate. *See United States v. Ellis*, 470 F.3d 275, 285-86 (6th Cir. 2006) (stating that the "government is not required to establish prejudice … unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal").

In sum, the district court noted that the first two factors weighed in favor of Gray. The remaining factors, however, weighed against him, warranting denial of the motion to withdraw. We agree with the district court's conclusion that Gray has failed to establish a fair and just

reason for withdrawing his guilty plea. Thus, it did not abuse its discretion in denying the motion.

## CONCLUSION

We **AFFIRM** the district court's denial of Gray's motion to withdraw.