NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0105n.06

No. 23-5584

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 07, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KEON LAMONT LEE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: BOGGS, McKEAGUE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. In the middle of his trial for multiple drug-distribution offenses, Keon Lee pleaded guilty to distributing fentanyl that resulted in an overdose death. Asserting that he did not understand that he would be unable to challenge his guilt on appeal, he moved to withdraw his plea. The district court denied the plea-withdrawal motion. Lee now appeals that decision. Seeing no abuse of discretion, we AFFIRM.

I.

Keon Lee sold cocaine to F.E. on multiple occasions. But on one of those occasions, Lee sold him fentanyl instead. F.E. overdosed on the fentanyl and died. A grand jury indicted Lee for various drug offenses, including for distributing a controlled substance, the use of which resulted in F.E.'s death—Count 3 of the indictment. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). Lee pleaded not guilty and proceeded to a jury trial.

At trial, the government presented compelling evidence of Lee's guilt. That included testimony regarding two bags of drugs that police found in Lee's bedroom: "One bag contained

just straight fentanyl, one bag contained just straight cocaine." Trial Tr. Day 1, R. 71, PageID 342. The government also presented evidence that one of Lee's other customers made Lee aware that he had sold that customer fentanyl instead of cocaine. And the government introduced a videotape from Lee's interview with the police in which he confessed to selling F.E. narcotics, on which F.E. overdosed and died.

A day and a half into the trial, Lee indicated that he wanted to change his plea—he would plead guilty to Count 3 of the indictment and the government would dismiss the remaining counts. The district court excused the jury and proceeded to rearraignment. The district court questioned Lee to ensure that his plea would be knowing and voluntary, that he was competent, and that he was satisfied with his counsel. With respect to his appeal rights, the district court explained that Lee "would be able to take an appeal to challenge the guilty plea, the conviction, or the sentence that would ultimately be imposed by the Court." R. 73, Tr. of Rearraignment, PageID 497. Lee assured the district court that he had no questions about his appellate rights. The district court then explained the elements that the government would be required to prove at trial and asked Lee to describe the factual basis for his plea. Lee's response: "I knowingly and willingly distributed a controlled substance. I knew at the time it was a controlled substance, and that controlled substance subsequently led to the death of [F.E.]" *Id.* at 502. The district court accepted Lee's plea, finding a sufficient factual basis for the plea and that it was knowing and voluntary.

Two months later, after Lee's presentence investigation report (PSR) was prepared, Lee's trial counsel notified the district court that Lee wanted to withdraw his guilty plea. Believing that she could not file a motion to withdraw Lee's plea consistent with her ethical obligations, she moved to withdraw from the representation. After being appointed new counsel, Lee moved to withdraw his plea, claiming that he did not understand that, by pleading guilty, he had waived his

right to appeal his guilt. The district court held a hearing on Lee's motion to withdraw his plea. Concluding that Lee had not demonstrated a fair and just reason to withdraw his plea, the district court denied the motion. The district court sentenced Lee to 480 months' imprisonment.

Lee timely appeals the district court's denial of his motion to withdraw his plea.

## II.

We review the district court's denial of Lee's motion to withdraw his plea for an abuse of discretion. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (per curiam). "A district court abuses its discretion when it 'relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard.'" *United States v. Goddard*, 638 F.3d 490, 493 (6th Cir. 2011) (quoting *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006)).

A defendant who wishes to withdraw a plea before the court accepts it has a right to do so "for any reason or no reason" at all. Fed. R. Crim P. 11(d)(1). But once the district court has accepted a plea, a defendant may withdraw it before sentencing only if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). There is no "absolute right to withdraw a guilty plea" that the court has accepted. *Ellis*, 470 F.3d at 280. That is because plea withdrawal is "inherently in derogation of the public interest in finality and the orderly administration of justice." *Id.* (citation omitted). Thus, when a plea is knowing, voluntary, and taken "at a hearing at which [the defendant] acknowledged committing the crime," plea withdrawal should seldom be allowed. *Id.* (citation omitted). After all, the rule permitting withdrawal does not exist "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice." *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (cleaned up).

In *Bashara*, we identified several non-dispositive factors for differentiating pleas "entered hastily" from "those entered strategically." *United States v. Hudson*, 2024 WL 140550, at *3 (6th Cir. Jan. 12, 2024). They include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Bashara*, 27 F.3d at 1181.

At the outset, we address a contention that Lee claims is relevant to numerous *Bashara* factors. While he does not expressly challenge the constitutionality of his plea, or the adequacy of the district court's Rule 11 colloquy, he nonetheless asserts that he should have been allowed to withdraw his plea because it was unknowing. Lee maintains that he labored under the impression that, notwithstanding his guilty plea, he would be able to appeal his factual guilt. He argues that he was misinformed about his appellate rights, pointing to one portion of his colloquy in which the district court remarked that Lee could "take an appeal to challenge the guilty plea, the conviction, or the sentence that would ultimately be imposed by the Court." R. 73, Tr. of Rearraignment, PageID 497.

The district court did not "[lead] Lee into an unknowing plea." Appellant Br. at 6. Nothing in the record leading up to Lee's plea-withdrawal motion supports the contention that Lee believed he could admit the factual basis of his guilt under oath only to immediately contradict that testimony on appeal. The district court explained Lee's appellate rights and asked Lee directly if he "ha[d] any questions about [his] appellate rights in the case." R. 73, Tr. of Rearraignment, PageID 497. Lee, who was represented by counsel, categorically replied that he did not. *Id.*

The district court's brief statement about Lee's ability to challenge "the guilty plea, the conviction, or the sentence" on appeal is neither misleading nor inaccurate: Lee maintained the right, at least, to challenge the knowing and voluntary nature of his plea, dispute the court's jurisdiction, and raise any preserved objections to the sentence the court imposed. *See, e.g.*, *United States v. Studabaker*, 578 F.3d 423, 429–30 (6th Cir. 2009).

Moreover, Lee testified that entering a guilty plea was his "knowing and voluntary determination." R. 73, Tr. of Rearraignment, PageID 490. The district court carefully detailed the elements that the government would need to prove at trial, the penalties to which Lee would be subject, and the rights that Lee would be waiving. *Id.* at 494–95, 497–501. In short, "[t]he record reflects the care taken by the [district court] judge to ensure that [Lee] understood the ramifications of his plea and entered into it voluntarily and knowingly." *United States v. Tudor*, 796 F. App'x 267, 270 (6th Cir. 2019); *see id.* at 268 (concluding that a plea was knowing and voluntary notwithstanding the defendant's claim "that he was under the impression that he could later 'undo' his guilty plea"). A proper plea colloquy generally cures any misunderstandings a defendant may have regarding the implications of his plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Here, the district court's plea colloquy was proper. The court had no obligation to "anticipate and negate" any uncommunicated and mistaken belief Lee may have subjectively maintained regarding his ability to end his trial by admitting his guilt and then challenge his guilt on appeal. *See United States v. Carson*, 32 F.4th 615, 623 (6th Cir. 2022); *see also Ramos*, 170 F.3d at 565. We turn next to what remains of Lee's *Bashara* arguments.

*Lee's delay favored denial of his motion.* We have considered delay of "a few days" as favoring plea withdrawal. *See United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (citation omitted). By contrast, we have considered delays of between one and two months as counseling

against permitting withdrawal. *See id.* (five weeks); *Bashara*, 27 F.3d at 1181 (six weeks). Lee pleaded guilty on January 18, 2023. His withdrawal motion came 121 days after his plea. Lee's former counsel first notified the court of Lee's desire to withdraw within sixty-five days, when counsel moved to withdraw from her representation. Even granting Lee the benefit of the earlier date, as did the district court, this factor counsels against permitting withdrawal. *See Spencer*, 836 F.2d at 239; *Bashara*, 27 F.3d at 1181.

In response, Lee notes that a delay of a "month or more" does not necessarily "shut the door to relief." Appellant Br. at 7. But, setting aside whether there exists "a precise cut-off point beyond which delay is unreasonable," *Carson*, 32 F.4th at 624 (citation omitted), the district court did not treat Lee's delay as dispositive, and neither do we. Lee's lengthy delay is simply one factor that cuts against him. *See id.* The district court did not abuse its discretion in analyzing this factor and concluding that it favors the government.

*Lee has not maintained his innocence.* We have recognized that "vigorous and repeated protestations of innocence" can sometimes support a motion to withdraw a guilty plea. *E.g.*, *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (citation omitted). Lee's case falls far short of that mark. He points only to his initial not-guilty plea at arraignment and his not-guilty assertion at the plea-withdrawal hearing as evidence that he has maintained his innocence. But, as the district court correctly noted, his under-oath statements during his plea colloquy paint another picture.

Lee unambiguously testified that he was guilty during his colloquy: "I knowingly and willingly distributed a controlled substance. I knew at the time it was a controlled substance, and that controlled substance subsequently led to the death of [F.E.]" R. 73, Tr. of Rearraignment, PageID 502. An assertion of innocence this is not. To clarify, the district court asked Lee to

acknowledge "that while [he] may not have known that the substance [he] distributed was fentanyl, that it was in fact fentanyl." *Id.* Lee so acknowledged. [*Id.*] Moreover, Lee agreed that F.E.'s "death resulted from his use of the fentanyl that [Lee] distributed to him" and that F.E. "would not have died but for the use of the fentanyl that [Lee] distributed." *Id.* at 502–03. These admissions cut strongly against Lee's argument that he has maintained his innocence, and the district court did not abuse its discretion in relying on Lee's plea-colloquy statements to conclude that this factor counsels against permitting withdrawal.

Resisting this conclusion, Lee argues that it is inappropriate to consider a defendant's plea colloquy when evaluating whether he has maintained his innocence. He argues that if defendants "must maintain their innocence when making the plea they seek to withdraw, there would be no plea to withdraw." Reply Br. at 3. Lee cites no support for this proposition, and we can find none. To the contrary, this court has repeatedly considered statements made during a plea colloquy when analyzing this *Bashara* factor. *See, e.g.*, *Carson*, 32 F.4th at 624; *United States v. Watkins*, 2022 WL 43291, at *2 (6th Cir. Jan. 5, 2022); *Goddard*, 638 F.3d at 494; *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996). Lee's argument also ignores the possibility of an *Alford* plea, which allows a district court to conclude that there is a factual basis for a plea notwithstanding the defendant's continued assertion of innocence. *See North Carolina v. Alford*, 400 U.S. 25, 38–39 (1970); *see also United States v. Tunning*, 69 F.3d 107, 111–12 (6th Cir. 1995). Accordingly, Lee's argument is not persuasive.

Lee also argues that he maintained his innocence at the plea-withdrawal hearing itself. But the district court found that Lee's belated assertions of innocence were not made "in good faith, but in an attempt to seek a new trial to lessen the potential penalty in the case." R. 85, Tr. of Plea-Withdrawal Hr'g and Sentencing, PageID 580. Nothing in the record causes us to conclude that

this was an abuse of discretion. At the plea-withdrawal hearing, Lee never effectively repudiated his plea-colloquy statements. He claimed that he "never knew that [he] had fentanyl"—that "it was a mix-up," that was "never intentional by any means." *Id.* at 565. But these statements do not support Lee's innocence because the government did not need to prove that Lee knew that the substance he sold F.E. was, in fact, fentanyl. *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003) ("The government need not prove mens rea as to the type and quantity of the drugs in order to establish a violation of § 841." (cleaned up)); *see also United States v. Dado*, 759 F.3d 550, 570 (6th Cir. 2014). Lee also professed a desire to challenge the government's proof, including whether it "could prove all of the elements of the death charge." R. 85, Tr. of Plea-Withdrawal Hr'g and Sentencing, PageID 566, 573. But that's not the same thing as maintaining innocence. *United States v. Williams*, 852 F. App'x 992, 996–97 (6th Cir. 2021) (noting that "Williams' contention that the government could not *prove*" the charge against him "is not an assertion of innocence" for purposes of this *Bashara* factor); *see also United States v. Davis*, 2023 WL 2487338, at *3 (6th Cir. Mar. 14, 2023) ("[A] desire to stand trial is not the same as declaring one's innocence.").

Rather, Lee's testimony at the plea-withdrawal hearing was, again, quite damning. He once more admitted to selling F.E. "something." R. 85, Tr. of Plea-Withdrawal Hr'g and Sentencing, PageID 562. He agreed that he "knew it was a controlled substance" but "just thought it was cocaine." *Id.* at 565. He acknowledged that fentanyl was recovered from the safe in his house and inside a dollar bill recovered from F.E.'s wallet, and that F.E. died of a fentanyl overdose. And Lee did not protest when the district court asked if he remembered his previous testimony admitting that he was "guilty of the charge contained in Count 3 that did result in the

death of the victim." *Id.* at 568. In sum, the district court did not abuse its discretion in weighing this factor against Lee.

*The circumstances of Lee's guilty plea do not favor withdrawal.* Lee argues that the circumstances of the plea favor withdrawal, asserting that he talked to counsel about the plea for only two minutes during a break in his trial. Yet, as the district court recognized, additional facts undermine Lee's argument. Lee's trial counsel represented that Lee decided to plead guilty after the two conferred and after Lee received input and discussed the issue with his family. And counsel explained why Lee's decision to plead guilty—after the government had presented the bulk of its evidence to the jury—made some sense: "[I]t's one thing when you're looking at the discovery and looking at the elements versus when you see it presented in front of you." R. 72, Trial Tr. Day 2, PageID 485. Lee did not dispute or correct this representation. What's more, Lee testified that he had reviewed the indictment and charges against him, had discussed the case with his attorney, and was satisfied with her representation. And, as the trial court noted, the court "took a break to allow further discussions about" the choice to plead guilty "after [Lee had] already indicated that he wished to enter a plea." R. 85, Tr. of Plea-Withdrawal Hr'g and Sentencing, PageID 573. At no point did Lee ask for additional time to consider his decision or display any hesitancy with his guilty plea. Viewing the context and circumstances surrounding the plea as a whole, the district court did not abuse its discretion in concluding that this factor counsels against permitting withdrawal. *See United States v. Franklin*, 462 F. App'x 538, 543 (6th Cir. 2012) ("Given this record, this Court agrees with the district court that Franklin's guilty plea was made knowingly and voluntarily and, consequently, finds that this factor also weighs against Franklin's motion.").

*Lee's nature, background, and prior experience with the criminal justice system are not in his favor.* Lee argues that these factors should be neutral because Lee graduated from high school, attended some college, and has only two prior convictions in state court, whereas this is his first experience with the federal system. He provides no authority that these factors should not weigh against him. To the contrary, this court has concluded that similar facts counsel against permitting withdrawal. *See United States v. Gray*, 627 F. App'x 465, 470 (6th Cir. 2015) (affirming the district court's consideration of the defendant's GED and work history as counseling against withdrawal); *United States v. Lewis*, 800 F. App'x 353, 359 (6th Cir. 2020) (rejecting an argument that the defendant had "only dealt with the state criminal justice system"). We cannot say that the district court abused its discretion in concluding that this factor did not favor permitting withdrawal.

*Lee's reason for failing to move to withdraw earlier.* Lee claims that he failed to move to withdraw earlier because he first learned that he would not be allowed to contest his factual guilt on appeal while discussing his PSR with his former counsel "around March 16." Reply Br. at 2. Lee's former counsel informed the court that Lee wished to withdraw his plea eight days later. We acknowledge that newly discovered relevant information followed shortly by a communicated desire for plea withdraw could support weighing this factor in a defendant's favor. But, as noted previously, the district court conducted a thorough Rule 11 colloquy to ensure that Lee's guilty plea was knowing and voluntary. Lee asserted that he had no questions about his appellate rights during that colloquy. And even if we were to conclude that this factor weighed in Lee's favor, we still would not deem the district court's "bottom-line" conclusion an abuse of discretion. *United States v. Crowe*, 2023 WL 4586154, at * 4 (6th Cir. July 18, 2023). The *Bashara* "factors exist to help courts distinguish withdrawal requests made for strategic reasons from those made for

legitimate ones." *Id.* And "district courts bear the primary responsibility to resolve whether a defendant has identified a fair and just reason to withdraw a plea." *Id.* Here, the district court determined that Lee's reason for moving to withdraw his plea—his desire to contest his factual guilt—was not offered "in good faith, but in an attempt to seek a new trial to lessen the potential penalty in the case." R. 85, Tr. of Plea-Withdrawal Hr'g and Sentencing, PageID 580. Our review of the record gives us no reason to disturb the district court's judgment.

*Prejudice to the government.* Having concluded that Lee had not "put forth a fair and just reason for allowing withdrawal of his plea," the district court was not required to consider prejudice to the government. *United States v. Catchings*, 708 F.3d 710, 719 (6th Cir. 2013). Even so, the district court concluded that the United States would suffer prejudice if Lee were permitted to withdraw his plea "at this point in the proceedings." R. 85, Tr. of Plea-Withdrawal Hr'g and Sentencing, PageID 581. Lee contends that the district court erred in finding prejudice because the government "always has to spend time and money trying a case," so the "time and expense of trial constitutes prejudice only when" the government must spend extra resources preparing for trial. Appellant Br. 9 (quoting *United States v. Osborne*, 565 F. Supp. 2d 927, 939 (E.D. Tenn. 2008)). But Lee "fails to consider the point to which his case had proceeded when he entered his plea." *United States v. Murray*, 66 F. App'x 600, 605 (6th Cir. 2003). Lee changed his plea in the middle of trial, after the bulk of the prosecution's case had been presented. "[F]orcing the government to prepare its case once again" obviously entails the expenditure of extra resources. *See United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999). The district court did not abuse its discretion in holding this factor against Lee.

In sum, we hold that the district court did not abuse its discretion in denying Lee's motion to withdraw his plea.

* * *

We AFFIRM.